James R. ALLEN, Commonwealth Attorney, et al., Petitioners,

v.

Ralph WALTER, Special Judge Floyd Circuit Court, Respondent.

Supreme Court of Kentucky.

Feb. 20, 1976.

James R. Allen, pro se.

Harold Stumbo, County Atty., Prestonsburg, for petitioners.

PER CURIAM.

This is an original proceeding in which a Commonwealth's Attorney, acting with the acquiescence of the Attorney-General, seeks to prohibit the respondent, as special judge in a murder case, from entering an order reducing the charge to second-degree manslaughter and sentencing the defendant to a term of five (5) years in the penitentiary, KRS 507.040, 532.020(1)(b), over objection by the Commonwealth.

The first question to be considered in this as in any other prohibition or mandamus case is whether the applicant has an adequate remedy by appeal. If so, and if the respondent is acting within the scope of his jurisdiction, then of course the respondent is entitled to be let alone, to exercise his power as he sees fit until he is through with the case, because if what he does is wrong it can be undone in due course and in the same manner applicable to any other case. Anyone with a rudimentary understanding of the administration of justice understands of course that if every action taken or about to be taken by a trial judge

were made subject to day-to-day supervision by an appellate court the result would be chaos. We take the time here to recite this elementary principle not because we suspect that any of the parties to the case may not be aware of it, but because the exhibits before us suggest that the local press in Prestonsburg, Kentucky, either is in the dark or, if it is not so benighted, prefers noise first and facts later.

It has been the petitioner's assumption here that an appeal by the Commonwealth would be limited to a certification of the law, for which reason it would not be an adequate remedy. Since the law on the subject of double jeopardy has not been entirely clear, and we have some new law respecting the Commonwealth's right of appeal, we are not disposed to criticize that assumption, but we do think it is not well taken.

Considering a 1970 amendment of the Criminal Appeals Act, 18 U.S.C. § 3731, the United States Supreme Court in *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975), reiterated the principle that under the Double Jeopardy Clause of the Fifth Amendment "jeopardy attaches when a jury is empaneled and sworn. . . . In a nonjury trial, jeopardy attaches when the court begins to hear evidence . . . . The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' "

It was observed also (420 U.S. at p. 387, 95 S.Ct. at p. 1062) that the clear purpose of 18 U.S.C. § 3731 was to authorize an appeal by the United States "so long as further prosecution would not be barred by the Double Jeopardy Clause."

It has been well settled in this state that jeopardy does not attach until a jury has been sworn. *Baker v. Com.*, 280 Ky.

165, 132 S.W.2d 766, 767, 125 A.L.R. 691 (1939); Const. § 13.[1]

So also has KRS 21.140(3) been construed as intending to allow the Commonwealth an appeal for purposes of a reversal when it will not subject the accused to double jeopardy. *Commonwealth v. Devine*, Ky., 396 S.W.2d 60, 61 (1965). And since the last-cited case was decided two new subsections have been added to KRS 21.140, one of which reads as follows:

"(4) When an appeal is taken pursuant to subsection (3), the Court of Appeals, if the record so warrants, may reverse the decision of the circuit court and order a new trial in any case in which a new trial would not constitute double jeopardy or otherwise violate any constitutional rights of the defendant."

■■■ Ordinarily a guilty plea is a waiver by the defendant of his right to a trial. The point is relevant here because if an irrevocable waiver has been effected that too might very well place him in jeopardy. The record discloses that the trial court did interrogate the defendant to ascertain if he fully understood the significance of a guilty plea and if it was voluntary, after which the plea was orally accepted. RCr 8.10 provides that at any time before judgment "the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted." This provision would appear to connote, though we have not so held, that a voluntary plea of guilty, once made, cannot thereafter be withdrawn as a matter of right. On the other hand, it could scarcely be gainsaid that the plea in this instance was made with the understanding that the charge could and would be reduced to manslaughter, so that if it be held that the charge cannot be so reduced it must follow that the plea was not "voluntary" in a constitutional sense. And that is exactly what we do hold. Hence there was no waiver of the defendant's right to a trial by jury, he was not in jeopardy, and the proposed order of the trial court under KRS 21.140(3) is reversible on appeal.

■■■ There is yet another reason for holding that the plea of guilty was not a waiver. It is elementary that a court of record speaks only through its records. An order is not an order until it is signed. Until then the judge can change his mind and not enter it. The order of the trial court that is under attack here has not been signed, hence the guilty plea has not been officially accepted. In this status the defendant is as free to withdraw it as the trial court is to accept or reject it.

■■■ The basis for our opinion that without consent of the Commonwealth a trial court may not before a trial amend or reduce to a lower degree the charge brought against a defendant is that it is not the prerogative of a court to choose what the accusation will be. Only after the evidence is in does the court have a comparable function, which comes in the form of determining what the instructions to the jury will be, and that determination must be made according to the sufficiency of the evidence under the law.

It follows, of course, that the Commonwealth has an adequate remedy in this case and that prohibition is not strictly necessary. Nonetheless, as in *Wiglesworth v. Wright*, Ky., 269 S.W.2d 263, 266 (1954), we recognize that the existence of an effective right of appeal under the circumstances has not been clear. Moreover, the record shows that the incident on which the indictment is based took place several years ago, and the interests of justice require that the matter be resolved without further delay. For these extraordinary reasons we think the petition for prohibition should be granted.

The temporary order of prohibition entered on January 14, 1976, is now made permanent, and the respondent is prohibit-

---

1. KRS 505.030(4), part of the new Kentucky Penal Code, contemplates that jeopardy attaches when the first witness is sworn, as distinguished from the swearing of the jury. We need not in this proceeding, however, pursue the ramifications of that distinction.

ed from entering without consent of the Commonwealth any pretrial order having the effect of reducing the charge stated in the indictment against the defendant or defendants in the case of *Commonwealth of Kentucky v. Eddie Jones and Agnel Jones,* Indictment No. 4077, pending in the Floyd Circuit Court.

All concur.