38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Irwin KLEPPER, Plaintiff-Appellant,
v.
David OSBORNE; R. Milton Goolsby, Defendants-Appellees.
 No. 94-5571.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Irwin Klepper, an Arizona citizen proceeding pro se, appeals a district court order dismissing, without prejudice, his civil complaint filed under 28 U.S.C. Sec. 1332(a). Additionally, Klepper has filed a motion to amend the complaint and a motion for disciplinary action. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Klepper initiated this action in the United States District Court for the Eastern District of Kentucky, alleging that the defendants fraudulently misrepresented to the Internal Revenue Service an arbitration decision thus causing Klepper to be assessed additional tax for the year 1989.
 
 
 3
 In an order entered April 6, 1994, the district court sua sponte dismissed Klepper's complaint for lack of subject matter jurisdiction. The court held that information yielded through the discovery process revealed that Klepper could not, under Kentucky law, recover an amount in excess of $50,000, as required by 28 U.S.C. Sec. 1332(a).
 
 
 4
 The standard of review on the issue of subject matter jurisdiction is de novo. Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990). Upon review, we conclude that the district court committed no error.
 
 
 5
 In a federal diversity action, the amount in controversy alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. Klepper v. First American Bank, 916 F.2d 337, 340 (6th Cir.1990) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). When determining whether the amount in controversy required for diversity jurisdiction has been satisfied, the complaint is examined at the time it was filed. Klepper, 916 F.2d at 340. This court has stated:
 
 
 6
 [I]f a good-faith claim of sufficient amount is made in the complaint, subsequent events that reduce the amount below the statutory requirement do not require dismissal. A distinction must be made, however, between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action.... [W]here "the 'proofs' adduced at trial conclusively show that the plaintiff never had a claim even arguably within the [required] range," a diversity action must be dismissed.
 
 
 7
 Jones v. Knox Exploration Corp., 2 F.3d 181, 182-83 (6th Cir.1993).
 
 
 8
 In the present case, the jurisdictional defect was not disclosed by an amended complaint, by application of a legal defense following discovery, or by evidence adduced at trial. Rather, Klepper revealed in his answers to interrogatories that he sought less than $3,000 in compensatory damages, but some $500,000 in punitive damages. Punitive damages are included in the calculation of amount in controversy. See Klepper, 916 F.2d at 341. However, under Kentucky law, exemplary damages must bear some relationship to actual damages, though not necessarily a proportional relationship. Hensley v. Paul Miller Ford, Inc., 508 S.W.2d 759, 763 (Ky.1974). Thus, as the district court correctly points out, Klepper would not be able to recover anywhere near the $500,000 in punitive damages in an action involving only a few thousand dollars in compensatory damages. Since no subsequent event occurred in this case to reduce the amount in controversy, this can only mean that Klepper's claims never satisfied the jurisdictional requirement. Indeed, even if Klepper were able to recover the entire alleged compensatory damages and also exemplary damages ten times this amount, the amount in controversy requirement would still not be met.
 
 
 9
 In his motion to amend his complaint, Klepper attempts to state that he is amending his complaint to ask for $3,000 in out-of-pocket cost, $450,000 in punitive damages and $50,000 in compensatory damages. He asserts his right to amend pursuant to 28 U.S.C. Sec. 1653. Although 28 U.S.C. Sec. 1653 permits amendments of a complaint to cure defective allegations of jurisdiction, it does not allow amendments to remedy actual jurisdictional defects. Jones, 2 F.3d at 183; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).
 
 
 10
 Klepper's cause of action is one that suffers from defects in jurisdictional facts and not defective allegations of jurisdiction. Therefore, Klepper cannot amend his complaint pursuant to Sec. 1653.
 
 
 11
 Accordingly, the motion for disciplinary action is denied, the motion to amend is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.