**Marie Anne LASWELL, Petitioner–Appellant,**

v.

**Richard FREY, Jailer, Department of Corrections, Respondent–Appellee.**

No. 94–5246.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 17, 1994.

Decided Jan. 27, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied March 17, 1995.*

* Kennedy, Circuit Judge, would grant rehearing for the reasons stated in her dissent.

C. Thomas Hectus, Allen Button (argued and briefed), Williams & Wagoner, Louisville, KY, for petitioner-appellant.

R. Allen McCartney, McCartney & Swicegood, Louisville, KY, David A. Smith, Asst. Atty. Gen. (argued and briefed), Frankfort, KY, for respondent-appellee.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and ZATKOFF,** District Judge.

ZATKOFF, District Judge, delivered the opinion of the court, in which SUHRHEINRICH, J., joined. KENNEDY, J. (pp. 1016–17), delivered a separate dissenting opinion.

ZATKOFF, District Judge.

This matter is before the Sixth Circuit on petitioner-appellant Marie Anne Laswell's appeal from a decision of the U.S. District Court for the Western District of Kentucky denying a petition for a writ of habeas corpus, sought pursuant to 28 U.S.C. § 2254.

** The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of

The District Court held that the Commonwealth of Kentucky did not place Laswell in double jeopardy when, after a juvenile hearing, the Commonwealth moved to have Laswell tried as an adult. We affirm.

## I.

On July 25, 1991, petitioner Marie Anne Laswell and two others were arrested for a June 25, 1991, robbery and double murder in Union City, Kentucky. Laswell was 16–years–old at the time of the arrest. On July 26, 1991, Laswell was arraigned in the juvenile session of the Union County District Court. Laswell was charged only with two counts of complicity to commit first-degree robbery at the time, although all the relevant facts were known to the prosecutor. Laswell was represented by appointed counsel at this hearing.

At the hearing, the court advised Laswell of the charge against her, and instructed Laswell of her constitutional rights, including the right to an attorney, the right to remain silent, the right to confront witnesses against her, the right to appeal the determination of the court, and the right to examine any reports filed with the court and to question the person making that report.

After explaining the charge, the court continued:

COURT: Okay. This is a detention hearing to determine whether or not you should be detained further. I need to explain to you that you have the right to an adjudication hearing which is actually a trial on these charges, and depending upon the decision made at that or upon your plea or admission of the offense, you have the right to a disposition hearing.

LASWELL: What's that?

COURT: A disposition hearing is where we have a pre-disposition report filed to see what kind of background or history you have. Based upon your past social history and past criminal history, then a decision will be made as to what your

Michigan, sitting by designation.

punishment would be regarding these charges. Do you understand that?

LASWELL: Yes, I do.

COURT: Okay, and at this time do you admit or deny these offenses?

LASWELL: I admit them.

COURT: I understand you have already given a statement, a written statement, is that correct?

LASWELL: That's right.

COURT: What's the Commonwealth's position on further detention?

DAVIS:[1] Your Honor, the Commonwealth would request detention pending disposition of this case.

(Tr. 93–94).

Following the proceeding, the court made a signed calendar entry, which stated:

Juvenile advised of rights. Charges explained. P.D. appointed and appeared. Waiver of dual representation signed and explained. Juvenile admitted offenses. Juvenile to remain in detention until disposition. Predisposition report to be filed. Disposition hearing set August 15, 1991 at 2:00 p.m.

(Union District Court Calendar: 7/26/91).

Between the time of the July 26, 1991, hearing and the disposition hearing set for August 15, 1991, the Commonwealth added two counts of murder and moved to transfer jurisdiction of Laswell from juvenile to adult court. Laswell was informed of the Commonwealth's intentions at the August 15, 1991, hearing.

At that time, the defense counsel objected, arguing that the July 26, 1991, hearing had been an adjudicatory proceeding, and that therefore jeopardy had attached and Laswell could not be tried as an adult. The court rejected the argument and scheduled a youthful offender hearing for August 29, 1991, stating:

We may have a questionable and atypical point of law as far as exactly when everything takes place. However, when I explain to people what an adjudication hearing is, I explain to them that it is just like a trial. The evidence is presented by the commonwealth and also from the defense, and we did not have that. I do not have any of the facts in this case. In adult court, a defendant may have the right to withdraw their guilty plea prior to a sentencing hearing which would be basically the adjudication hearing. Again, it would [be] different from a jury trial, but there is a parallelogram [sic] there. I don't have a textbook definition of what an adjudication hearing is, but I think I would have to agree with the Commonwealth that we haven't actually had an adjudication per se. I supposed this motion would be forthcoming, and I don't think that the murder charge would be affected if I did rule that it was an adjudication hearing [that] had taken place. I don't believe that would affect a new charge. Let's proceed with the motion the proceed [sic] against her as a youthful offender.

Tr. Aug. 15, 1991, at 11–12.

At the August 29, 1991, hearing, the court waived juvenile jurisdiction over Laswell and ordered that she be transferred to the Union County Circuit Court for trial as an adult. The grand jury indicted Laswell on two counts of complicity to commit capital murder and complicity to commit first degree robbery as well as complicity to receive stolen property over $100 and tampering with physical evidence.

Laswell appealed to the Union Circuit Court contesting the youthful transfer hearing. The court denied the appeal, ruling that the July 26, 1991, hearing was not an adjudication but only a hearing to advise Laswell of her rights and to appoint counsel. Laswell's subsequent motion for discretionary appeal was denied by the Kentucky Court of Appeals. The Supreme Court thereafter denied Laswell's motion for discretionary review.

Pursuant to 28 U.S.C. § 2254, Laswell filed a writ of Habeas Corpus in the U.S. District Court for the Western District of Kentucky, arguing that a trial in adult court would be in violation of the Double Jeopardy Clause. Respondent argued that the July 26, 1991, hearing was not an adjudication hearing and that the petitioner had not exhausted her

---

1. Attorney for the Commonwealth.

state remedies because she had not gone to trial as an adult. After *de novo* review, the District Court adopted the Magistrate Judge's recommendation, and denied the writ. This appeal followed.

## II.

■ As a preliminary matter, the Court addresses the issue of exhaustion of state remedies. The Commonwealth maintains that the appellant could not exhaust her state remedies until going to trial.

The Double Jeopardy Clause "is a guarantee against being twice put to trial for the same offense ... if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Abney v. United States*, 431 U.S. 651, 661–62, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977). In fact, the Supreme Court has explicitly rejected the Commonwealth's position:

> Because the [Double Jeopardy] Clause 'protects interests wholly unrelated to the propriety of any subsequent conviction,' ... a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to the consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause.

*Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 303, 104 S.Ct. 1805, 1810, 80 L.Ed.2d 311 (1984). Accordingly, the issue is properly raised prior to trial and we hold that Laswell has exhausted her state remedies for purposes of raising her double jeopardy claim in the instant petition for habeas corpus.

## III.

■ The standard of review in an appeal from the grant of a summary judgment is *de novo*. *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir.1990), *mot. denied, sub nom.*, 1994 WL 561078, 1994 U.S.App. LEXIS 28,710 (6th Cir. Oct. 11, 1994).

■ Although juvenile proceedings are civil in nature, the Supreme Court has clear-ly established that jeopardy attaches to juvenile adjudications. *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Holt v. Black*, 550 F.2d 1061 (6th Cir.1977), *cert. denied, Black v. Holt*, 432 U.S. 910, 97 S.Ct. 2960, 53 L.Ed.2d 1084 (1977). Therefore, once the juvenile court has made an adjudication of the juvenile's guilt or innocence, the case may not subsequently be transferred to adult court for a second adjudication. *Id.* At issue in the instant case is whether an adjudication took place at the July 26, 1991, juvenile hearing, precluding transfer of Laswell to adult court; or whether the hearing was for purposes of determining probable cause for detention only, to which jeopardy did not attach.

In juvenile matters, Kentucky explicitly provides for a bifurcated juvenile proceeding:

> Juvenile proceedings shall consist of two (2) distinct hearings, an adjudication and a disposition, which shall be held on separate days unless the child waives the right to a formal pre-disposition investigation report and moves that the hearings be held the same day.
>
> (1) The adjudication shall determine the truth or falsity of the allegations in the petition and shall be made on the basis of an admission or confession of the child to the court or by the taking of evidence.

K.R.S.A. § 610.080.

■ In addition, under K.R.S.A. § 635.020(2), the Commonwealth is required to make a motion to transfer jurisdiction of the child prior to the adjudication of the child in the juvenile proceedings.

■ At the outset of the July 26, 1991, hearing, the Court stated "[t]his is a detention hearing to determine whether or not you [Laswell] should be detained further." Moreover, the historical purpose of a detention hearing is to advise the juvenile of his/her rights, including the right to a future adjudication hearing, and to determine whether probable cause exists to continue detention. Laswell argues that the nature of the proceedings changed, that she made a guilty plea, and at that time, the proceeding became an adjudication.

It is undisputed that, when asked by the Court "... at this time do you admit or deny these offenses?" Laswell responded: "I admit them." Respondent argues that the statement went only to probable cause because there were no plea negotiations, recommendation of punishment, or *Boykin* colloquy (informing a defendant of the rights which she is forfeiting and finding that defendant knowingly and voluntarily waives the rights, *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)) on the record. Moreover, the Commonwealth states, there was no order accepting a plea signed by the judge, as Kentucky law requires in order for a binding plea to exist. *Allen v. Walter*, 534 S.W.2d 453, 455 (Ky. 1976). The *Allen* court stated:

> It is elementary that a court of record speaks only through its records. An order is not an order until it is signed. Until then the judge can change his mind and not enter it. The order of the trial court that is under attack here has not been signed, hence the guilty plea has not been officially accepted. In this status the defendant is as free to withdraw it as the trial court is to accept or reject it.

*Id.* In this case, the judge did sign a "Calendar" which was stamped "ENTERED," with the date and the initials of, presumably, the Court Clerk:

> Juvenile advised of rights. Charges explained. P.D. appointed and appeared. Waiver of dual representation signed and explained. Juvenile admitted offenses. Juvenile to remain to detention until disposition. Predisposition report to be filed. Disposition hearing set August 15, 1991 at 2:00 p.m.

(Union District Court Calendar: 7/26/91).

Laswell argues that a defendant has an absolute right to unconditionally plead guilty to a charged crime. *See* Kentucky Rules of Criminal Procedure 8.08; *Commonwealth v. Corey*, 826 S.W.2d 319, 321 (Ky.1992). The *Corey* court held that:

> A defendant may avoid prosecutorial intransigence by entering a guilty plea pursuant to RCr 8.08 and depending on the

wisdom of the trial court to impose an appropriate sentence. However, if the guilty plea has strings attached which limit the sentence which may be imposed by virtue of it, the Commonwealth must be a party to the agreement.

*Id.* at 321. Therefore, Laswell argues, the district court determined or could have determined the truth or falsity of the charged offense solely on her admission. Laswell states that the calendar entry, specifically the statement "Juvenile admitted offenses," supports her position that a guilty plea was accepted. Laswell contends that the signed Calendar is the equivalent of an order, and is often the official order in the Commonwealth's Juvenile Courts.[2]

Upon review, this Court notes that an adjudication demands a determination of the truth or falsity of the allegations, and that a determination of the truth requires more than the simple verbal admission at the detention hearing at issue in the instant case. The Court is persuaded that, because no inquiry was made of the veracity of the charges or admission, because no inquiry was made to determine if the "plea" was voluntarily made, and because no inquiry was made as to the nature of the charges, that the proceedings cannot later be transformed from a determination of probable cause for detention into an acceptance of a valid guilty plea.

Kentucky RCr 8.08 states, in pertinent part:

> ... The court may refuse to accept a plea of guilty or guilty but mentally ill, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.

*Id.* The absence of any colloquy between judge and the defense regarding the elements or nature of the offense, or the voluntariness of the plea is, thus, determinative.

While the statement "I admit them" alone is sufficient to support the finding of probable cause, absent other protection of the de-

2. Appellant claims that she could support that argument with substantive testimony from District Judges and practicing members of the bar if granted her request for an evidentiary hearing.

fendant and a specific acknowledgment and acceptance of a plea by the court—on the record or in a written order—the statement is insufficient to change the very nature of the proceedings into an adjudication hearing. The fact that the court took no other evidence reenforces this determination. *Breed, supra,* 421 U.S. at 531, 95 S.Ct. at 1786–87, 44 L.Ed.2d 346 (1975).

Therefore, the Court rejects appellant's contentions that, (1) the standard recitation of rights at the beginning of the detention hearing is sufficient to satisfy a *Boykin* colloquy and support a finding that appellant waived the rights knowingly and voluntarily; and (2) that the signed Calendar satisfies the requirement of *Allen v. Walter, supra,* that the judge sign an order accepting the guilty plea. The calendar notes that the juvenile admitted the offenses, it does not indicate—and this Court cannot infer—that the juvenile court accepted a voluntary guilty plea.

The District Court found that appellant was simply trying to fashion a guilty plea after the fact based on events subsequent to her admission. This Court agrees. The juvenile court inquired into the matter of probable cause by asking appellant whether she admitted or denied the offenses at that time. The admission established probable cause for detention only. At that time and under the circumstances, it was insufficient to establish guilt, and thus jeopardy did not attach at the July 26, 1991, hearing.

## IV.

For the reasons stated herein, we AFFIRM the denial of the petition for a writ of habeas corpus.

KENNEDY, Circuit Judge, dissenting.

Because I believe the record is incomplete, I must respectfully dissent. Rather than affirm the District Court, I would reverse and remand for the evidentiary hearing requested by petitioner.

Petitioner's main contention is that the July 26th hearing and the state judge's calendar entry conform to the usual procedures for accepting guilty pleas in Kentucky juvenile court. Two statements by the juvenile judge would appear to support this contention. First, at the July 26th hearing, the judge explicitly stated that the case would be set for disposition, as opposed to adjudication. Petitioner's counsel specifically sought to clarify the record, and upon his inquiry, the juvenile judge reiterated that the August 15 hearing would be the disposition hearing and that she was ordering a predisposition report. Although it may be that the court intended to secure a guilty plea at the August 15th hearing before conducting a disposition hearing, that procedure would have required a waiver of the statutory requirement that the two procedures must occur on separate days. K.R.S. § 610.080. The hearings "shall be held on separate days unless the child waives the right to a formal predisposition investigation report and moves that the hearings be held the same day." *Id.*

The second statement occurred at the August 29th hearing. Although the judge began that hearing by declaring that the July 26th hearing was not an adjudication, she contradicted her holding near the end of the hearing, when she stated:

> In looking at the statute, the Commonwealth must establish certain statutory requirements. One of those is that no prior adjudication hearing has been held, and I know this has been part of Mr. Rich's objection that one was held on the robbery charge, but for the purposes of making the record clear, *my ruling on that is that you can consider [the July 26 hearing] an adjudication hearing* for your purposes. You will have that in the record. Obviously there was not one held on the murder charges.

Tr. 8/29/91 at 73–74 (emphasis added).

The majority opinion states that the hearing at which the guilty plea was made does not satisfy the requirement of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This, of course, assumes that *Boykin* applies to juvenile court proceedings, an issue not previously addressed by our court. However, assuming that petitioner's plea was constitutionally deficient, we are confronted with the question of whether its deficiencies render the plea void or merely voidable. If the plea is void, then

it is a nullity, and no adjudication occurred. If the plea is merely voidable, then we must ask who has the ability to render it void. Petitioner certainly has that right, but do either the juvenile court or the Kentucky prosecutor share that ability? I would answer that question in the negative.

The constitutional requirements of *Boykin* and the due process clause exist to protect a criminal defendant from making an uninformed waiver of several important constitutional rights, including the right against compulsory self-incrimination, the right to confront one's accusers, and the right to a jury trial.[1] *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. They do not protect any rights that accrue to the state. Accordingly, the state and the court should not be able to set petitioner's plea aside over her objections.

Because the District Court did not hold an evidentiary hearing, petitioner has not had an opportunity to present proofs regarding Kentucky's procedures. If she is correct, and the judge followed the normal procedures for accepting guilty pleas in Kentucky juvenile court, then it is likely that jeopardy did attach and Kentucky cannot try petitioner as an adult, at least on the robbery charges. If Kentucky ordinarily treats what occurred in this case as a guilty plea, then we should not allow Kentucky to disregard that plea. Accordingly, I would remand this case to the District Court with instructions that an evidentiary hearing be held.

---

1. No right to a jury trial exists in juvenile court, and the court did inform petitioner of her right to confront and cross-examine her accusers. That leaves only the right against self-incrimination, which petitioner had already waived during the police interrogation.