89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael L. BURKS, Sr., Administrator of the Estate of
Michael L. Burks, Jr., Plaintiff-Appellant,
v.
LITTLE CAESAR ENTERPRISES, INC., et al., Defendants-Appellees.
 No. 94-4128.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1996.
 
 BEFORE: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.*
 PER CURIAM.
 
 
 1
 In this case we examine the foreseeability of the unfortunate and senseless death of Michael Burks due to a third party's criminal acts, in order to determine whether the appellees are liable as a matter of law. Because we do not find facts sufficient to give rise to the necessary foreseeability, we AFFIRM the district court's grant of summary judgment in favor of the appellees.
 
 I. STATEMENT OF THE FACTS AND CASE
 
 2
 Little Caesar Enterprises, Inc. ("Little Caesars"), employed nineteen-year-old Michael Burks, Jr., at store 414 in the Livingston-Courtright Shopping Center, owned by Samuel Freshman and managed by Standard Management Company. Store 414 had a long history of criminal incidents, but following the institution of certain safety procedures in 1989, no robberies occurred until April 11, 1990.
 
 
 3
 On that night, pursuant to Little Caesars' safety procedures, Michael was conducting business only through the drive-thru window. Those safety procedures also required Michael to lock the window between transactions. When Michael failed to lock the window following a sale, two armed teenagers climbed through it. They accosted Michael, who complied with their demands for money by emptying the contents of the cash register. Suddenly, startled by a flash of car headlights, one of the young thugs "inadvertently" pulled the trigger on his gun, killing Michael.
 
 
 4
 Michael Burks' estate ("Burks") filed this action, which was removed to federal court based on diversity jurisdiction, and on September 30, 1994, the district court granted summary judgment against Burks on his intentional tort claims against Little Caesars and negligence claims against Standard Management and Samuel Freshman. This timely appeal followed.
 
 II. ANALYSIS
 
 5
 We review the grant of summary judgment de novo. Laswell v. Frey, 45 F.3d 1011, 1014 (6th Cir.1995). Our inquiry into the grant of summary judgment is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Winningham v. North Am. Resources Corp., 42 F.3d 981 (6th Cir.1994) (citation omitted). In doing so, we must draw all justifiable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To reverse the district court's grant of summary judgment we must find a dispute regarding an item of material fact. Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir.1986). The evidence presented must be sufficient to permit Burks recovery if accepted by the jury. Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir.1994).
 
 
 6
 A. Intentional Tort Claim Against Little Caesars
 
 
 7
 Under Ohio law, the essential elements of Burks' intentional tort claim against Little Caesars are:
 
 
 8
 (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
 
 
 9
 Fyffe v. Jeno's, Inc., 570 N.E.2d 1108, 1112 (Ohio 1991). The facts of Burks' case require a focus on Little Caesars' knowledge that the harm to Michael was substantially certain to occur. We find such certainty missing from this case.
 
 
 10
 Though numerous, the previous criminal activities occurring at store 414 were temporally and circumstantially distinct from those in April 1991: in all the previous crimes committed during business hours, no store 414 employee had ever been seriously injured. Additionally, following Little Caesars' institution of safety procedures in 1989, such as conducting night-time business solely through the drive-thru window, no robberies had occurred at the store during evening business hours until April 1991. In light of these facts, we find that the district court correctly held, as a matter of Ohio law, that Michael's unfortunate death was not substantially certain to occur. See Mitchell v. Lawson Milk Co., 532 N.E.2d 753 (Ohio 1988) (holding that in a death resulting from the hold-up of a convenience store, the employer did not know that injury to its employees was certain, or substantially certain, to result, even assuming that the store was in a high-crime-rate area); Anderson v. Shell, No. 65619, 1994 WL 264310 (Ohio App. June 16, 1994) (finding that security measures instituted by employer, such as bullet-proof glass and portable alarm, made showing of substantial certainty impossible); Huston v. Morris, No. 90AP-1009, 1991 WL 35001 (Ohio App. Mar. 12, 1991) (finding no substantial certainty of injury by being kidnapped from Police Identification Bureau despite prior complaints of misconduct due to inherent security measures of surrounding police officers); Williams v. Miami Valley Regional Transit Auth., No. 11689, 1990 WL 51517 (Ohio App. April 19, 1991) (finding no substantial certainty despite verbal threats, since no prior incident where verbal threats led to physical assault of employees); Richard v. Mr. Hero, Inc., No. 13701, 1989 WL 21245 (Ohio App. Mar. 8, 1989) (failing to find substantial certainty where security measures in place yet employee failed to follow those measures and was abducted and raped); Pillar v. Carlyle Management Co., No. 55334, 1989 WL 11298 (Ohio App. Feb. 9, 1989) (failing to find substantial certainty when security measures instituted to protect employees).
 
 
 11
 Burks' challenges to the district court's holding are unpersuasive and we affirm the grant of summary judgment in favor of Little Caesars.
 
 
 12
 B. Negligence Claims Against Standard Management and Freshman
 
 
 13
 Burks alleged negligence against Standard Management Company and Samuel Freshman for the operation of the strip mall and the failure to provide adequate security. In order to determine the duty owed Burks, we must once again examine the foreseeability of harm. Accepting the stipulation of the parties that Michael was a business invitee of the shopping mall, and assuming Standard Management and Freshman had the requisite control, we must determine whether a reasonably prudent business would have anticipated that an injury was likely to occur based upon its knowledge. See Simpson v. Big Bear Stores Co., 652 N.E.2d 702 (Ohio 1995); Howard v. Rogers, 249 N.E.2d 804 (Ohio 1969); Reitz v. May Co. Dept. Stores, 583 N.E.2d 1071 (Ohio App.1990). Burks contends that a focus on the totality of the circumstances reveals conflicting evidence on the element of foreseeability sufficient for reasonable minds to differ, and thus the claims against Standard Management Company and Samuel Freshman should survive summary judgment. We disagree.
 
 
 14
 As we have discussed above, we do not find foreseeability where the following factors are present: Standard Management and Freshman lacked knowledge of the prior incidents at store 414; no deaths or serious physical injury had occurred prior to the April 11, 1991, incident; nearly 15 months had passed without an evening armed robbery; there were internal safety mechanisms which were working properly; the properly-followed procedures would have prevented the murderers from entering the store, and Standard Management and Freshman could reasonably assume that the procedures were being followed.
 
 
 15
 In light of the foregoing facts, we find the evidence so one-sided that the appellees must prevail as a matter of law. Winningham v. North Am. Resources Corp., 42 F.3d 981 (6th Cir.1994).
 
 CONCLUSION
 
 16
 For the foregoing reasons, we find it was not foreseeable that Michael's untimely and unfortunate death would occur and the ruling of the district court is therefore AFFIRMED.
 
 
 
 *
 The Honorable DAVID A. KATZ, United States District Judge for the Northern District of Ohio, sitting by designation