RENDERED:  AUGUST 18, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0985-DG

COMMONWEALTH OF KENTUCKY                                      APPELLANT


ON DISCRETIONARY REVIEW
v.          FROM JEFFERSON CIRCUIT COURT
HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 22-XX-000040


CHRISTOPHER GAGE BLACKFORD                                      APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

GOODWINE, JUDGE:  Christopher Gage Blackford ("Blackford") entered a

guilty plea in the Jefferson District Court to the amended charge of speeding 25

miles per hour over the speed limit after counsel engaged in *ex parte*

communications with the district court.  The Commonwealth of Kentucky

("Commonwealth") appealed, and the Jefferson Circuit Court affirmed. After a careful review of the record, we reverse and remand.

On June 3, 2021, a Louisville Metro Police Department officer observed Blackford driving his Ford Mustang at a high rate of speed on Blanton Lane. A calibrated radar device indicated Blackford was traveling at 71 miles per hour ("mph"), which was 36 mph over the posted speed limit of 35 mph on Blanton Lane. The officer charged Blackford with speeding 26 mph or more over the speed limit[1] and reckless driving.[2]

On June 16, 2021, the district court heard Blackford's case and entered a judgment and final sentence. The Commonwealth was not present at the hearing. Prior to the hearing, Blackford's counsel conferenced with the Assistant Jefferson County Attorney assigned to the case, and the parties made an agreement to resolve Blackford's case. The county attorney agreed that Blackford would plead guilty to the speeding offense in exchange for dismissal of the reckless driving charge. The county attorney also made a written version of the agreement and affixed his name to it.

After the conference, Blackford's counsel appeared before the district court and presented the written resolution. The assistant county attorney assigned

---

[1] Kentucky Revised Statutes (KRS) 189.394(2).

[2] KRS 189.290.

to the case was not present in the courtroom. The Commonwealth asserts this is normal practice in the Jefferson District Court. District Judge Stephanie Pearce Burke ("Judge Burke") read the written agreement on the record and correctly noted the reckless driving charge was dismissed. However, Blackford's counsel requested to amend the charged speeding offense. Though the county attorney was not present at the hearing, the district court granted the requested amendment. Without the county attorney's knowledge or consent, Blackford pled guilty to the amended charge of speeding 25 mph over the posted speed limit.[3]

In the district court's handwritten order, Judge Burke crossed out the county attorney's written plea agreement for the first charge, speeding 26 mph over, and instead wrote the charge was amended down to 25 mph over the posted speed limit. She signed her written amendment to the speeding offense. Under the amendment, the judge wrote Blackford was "leaving for active duty Navy 7/19. No prior violations." Record ("R.") at 2. The judge also signed that notation.

On August 4, 2021, the county attorney moved to vacate and set aside the final judgment under Kentucky Rules of Criminal Procedure ("RCr") 13.04 and Kentucky Rules of Civil Procedure ("CR") 60.02. The district held a hearing on August 9, 2021, and set response times. Blackford timely filed his response, and the county attorney timely filed its reply.

---

[3] KRS 189.394(1).

-3-

On November 24, 2021, the county attorney submitted an AOC Form 280 under Rules of the Supreme Court ("SCR") 1.050(8) and an accompanying letter to obtain a ruling on its motion. Four months later, on March 30, 2022, the county attorney moved the district court to rule on its motion to vacate and set aside, noting that more than seven months had passed since it filed its motion to vacate and set aside. The same day, the district court entered an order denying the motion. The district court's order claimed, "[a]t that time, it was the practice of the Jefferson County Attorney's Office to have all assistants appear remotely." R. at 93. The district court also pointed to Blackford's having "no prior violations or offenses" and noted his impending Navy service as justifying its amendment. *Id.*

The Commonwealth appealed as a matter of right to the Jefferson Circuit Court. Blackford did not file a response. The circuit court issued a one-paragraph order on July 15, 2022, affirming the decision of the Jefferson District Court. The order lacked any citation to the record or legal authorities. The circuit court simply concluded that "the Commonwealth's representative was present and did not object to the entry of [the] judgment[,]" and the county attorney "failed to state a basis upon which to disturb the judgment of the lower court[.]" R. at 188.

The Commonwealth moved this Court for discretionary review, arguing the district and circuit courts summarily rejected the Commonwealth's *ex*

*parte* proceeding complaints, and their conclusions are unsupported by the record. This Court granted discretionary review on November 18, 2022.

On appeal, the Commonwealth argues the circuit court erred in affirming the district court's judgment because the district court:  (1) engaged in illegal *ex parte* communications with Blackford's counsel; (2) lacked the authority to amend the speeding offense; (3) violated the code of judicial conduct; and (4) the district court's denial of the county attorney's motion to alter, amend, or vacate or set aside the judgment under CR 60.02 was an abuse of discretion.

At the outset, we note that Blackford did not file an Appellee Brief. When an appellee fails to file a brief, we may:  "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case."  Kentucky Rules of Appellate Procedure ("RAP") 31(H)(3).  Though we could regard Blackford's lack of response as a confession of error in this case, we elect to accept the Commonwealth's statement of facts and issues as correct because the merits of the Commonwealth's arguments warrant consideration in this case.

On appeal, the Commonwealth argues the circuit court erred in affirming the judgment because the district court:  (1) engaged in illegal *ex parte*

proceedings with Blackford's counsel; (2) violated the Code of Judicial Conduct; (3) lacked the authority to amend the speeding offense; and (4) abused its discretion in denying the Commonwealth's motion to vacate and set aside the judgment.

Before we address the Commonwealth's arguments, we must note that the Supreme Court of Kentucky has repeatedly condemned the Jefferson District Court's practice of engaging in illegal *ex parte* proceedings. Unfortunately, though our Supreme Court has continually admonished the Jefferson District Court to cease its practice of conducting *ex parte* proceedings, some judges continue to do so. Specifically, this is not the first time a judgment from Judge Burke has been appealed for engaging in *ex parte* proceedings.[4]

First, we address the Commonwealth's first and second arguments. The Commonwealth argues the circuit court erred in affirming the judgment because the district court engaged in illegal *ex parte* proceedings with Blackford's counsel and violated the Code of Judicial Conduct. From our review of the video record and the Commonwealth's brief, it is clear the district court engaged in *ex parte* communications with Blackford's counsel in amending the speeding charge. Though the district and circuit court orders indicate other assistant county attorneys

---

[4] *Commonwealth v. Carman*, 455 S.W.3d 916 (Ky. 2015).

may have been present in the courtroom during Blackford's hearing, the Commonwealth asserts the assistant county attorney assigned to the case was not present, and we accept the Commonwealth's statement of facts as correct.

The Supreme Court of Kentucky has repeatedly condemned the practice of engaging in *ex parte* communications: "We need [to] go no further to deplore this practice than Supreme Court Rule 4.300, Canon [2.9(A)], which prohibits *ex parte* contacts in these circumstances." *Commonwealth v. Carman*, 455 S.W.3d at 918 (quoting *Commonwealth v. Wilson*, 384 S.W.3d 113, 114 (Ky. 2012), *abrogated on other grounds by Carman*, 455 S.W.3d 916); *see also Commonwealth v. Cambron*, 546 S.W.3d 556, 567 (Ky. App. 2018). SCR 4.300, Canon 2.9(A) provides: "A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending* or impending* matter[.]" Though there are exceptions to this rule in dealing with purely procedural matters, none of those exceptions apply here as the district court resolved a "substantive matter." *Id.*

Here, defense counsel sought to have Blackford's speeding charge amended, the district court agreed, and Blackford pled guilty to a lesser speeding charge outside the presence of opposing counsel. This exchange "undoubtedly address[ed] a 'substantive' matter and 'merits of the cause.'" *Wilson*, 384 S.W.3d

at 114.

The facts in Blackford's case, as well as *Wilson*, *Carman*, and *Cambron*, "reflect an *ex parte* culture among some members of the Jefferson District Court and some members of the bar that appears completely inconsistent with the ethical execution of judicial duties." *Carman*, 455 S.W.3d at 923. This practice, specifically in Judge Burke's court, has continued despite our Supreme Court's issuance of a 2015 supervisory writ of prohibition in *Carman*, which was an appeal that arose from Judge Burke engaging in *ex parte* proceedings. *Id.*

Furthermore, though factually distinct, this Court also condemned Judge Burke's traffic court procedures in *Delahanty v. Commonwealth*, 558 S.W.3d 489 (Ky. App. 2018). There, this Court addressed Judge Burke's and Judge Delahanty's decision not to recognize the validity of Louisville's traffic safety program, which was administered by the county attorney. *Id.* at 499. This Court opined: "The County Attorney was deprived of the most basic tenets of due process in the district court proceedings[,]" and "[t]he actions of Judge Delahanty and Judge Burke have created a disorganized and unjust system in Jefferson County." *Id.* at 507, 510.

Based on our analysis, the district court clearly violated the Code of Judicial Conduct codified in SCR 4.300, Canon 2, Rule 2.9(A) in engaging in *ex parte* communications with Blackford's counsel. However, we lack the authority

to enforce the code beyond reversing and remanding the circuit court's order. Only the Judicial Conduct Commission has jurisdiction to sanction judges who violate the Code of Judicial Conduct. SCR 4.020.

Additionally, we note Blackford's counsel also violated the Kentucky Code of Professional Conduct, specifically SCR 3.130(3.5), in engaging in *ex parte* communications with the district court. However, again, we lack the authority to enforce that code as the Office of Bar Counsel has jurisdiction over attorney disciplinary matters. The Commonwealth has not invoked this rule as a "procedural weapon" against Blackford's counsel, but we caution counsel to self-assess and avoid violating this rule in the future.

As such, based on our review of the record, we hold the district court once again engaged in illegal *ex parte* communications. We caution the Jefferson Circuit Court to conduct a more thorough review of the record in future cases and not rely on the district court's findings in issuing its judgments on appeal.

Second, the Commonwealth argues the circuit court erred in affirming the judgment because the district court lacked the authority to amend the speeding offense. In this instance, the county attorney had the "sole discretion" to engage in plea bargaining with Blackford. *Commonwealth v. Reyes*, 764 S.W.2d 62, 64 (Ky. 1989). Without the Commonwealth's consent, "courts cannot: (1) accept pleas of guilty and unilaterally limit the sentences which may be imposed; (2) amend a

charge prior to the presentation of evidence; or (3) dismiss a valid indictment[.]"
*Flynt v. Commonwealth*, 105 S.W.3d 415, 425 (Ky. 2003). The district court was not permitted to unilaterally amend the speeding offense because "without consent of the Commonwealth a trial court may not before a trial amend or reduce to a lower degree the charge brought against a defendant is that it is not the prerogative of a court to choose what the accusation will be." *Allen v. Walter*, 534 S.W.2d 453, 455 (Ky. 1976). As such, the circuit court erred in affirming the district court because the district court was not permitted to amend Blackford's speeding charge without the assistant county attorney's consent.

Finally, the Commonwealth argues that the circuit court erred in affirming the judgment because the district court erred in denying the Commonwealth's motion to vacate or set aside the judgment. Because the district court clearly erred in engaging in *ex parte* proceedings and we are reversing the circuit court order, we need not address this argument.

For the foregoing reasons, we reverse the order of the Jefferson Circuit Court and remand with instructions to enter a new order reversing the judgment of the Jefferson District Court. The Jefferson Circuit Court shall instruct the Jefferson District Court to enter a judgment in accordance with the original settlement agreement reached by the Commonwealth and Blackford's counsel.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Daniel Cameron
Attorney General of Kentucky

Michael J. O'Connell
Jefferson County Attorney

David A. Sexton
Special Assistant Attorney General
Assistant Jefferson County Attorney
Louisville, Kentucky