Dustin M. FLYNT, Appellant,

v.

COMMONWEALTH of Kentucky,
Real Party in Interest,

and

Gregory M. Bartlett, Judge, Kentucky
Circuit Court, Appellee.

and

Commonwealth of Kentucky, Appellant,

v.

Jimmy Elliott, Appellee.

No. 2000–SC–0587–MR,
2000–SC–0399–TG.

Supreme Court of Kentucky.

May 22, 2003.

H. Louis Sirkin, Jennifer M. Kinsley, Laura A. Abrams, Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, OH, W. Robert Lotz, Jr., Covington, for Appellant, Dustin M. Flynt.

A.B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellee, Commonwealth of Kentucky, Real Party in Interest.

Appellee, Gregory M. Bartlett, Judge, Kenton Circuit Court, Covington.

A.B. Chandler, III, Attorney General, Donald C. Buring, Kenton County Commonwealth Attorney, Covington, Matthew D. Nelson, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellant, Commonwealth of Kentucky.

Dennis Stutsman, Department of Public Advocacy, Appellate Branch Manager, Frankfort, for Appellee, Jimmy Elliott.

KELLER, Justice.

## I. ISSUE

Because each of these two separate appeals presents an issue of first impression requiring us to interpret Kentucky's Pretrial Diversion statutes,[1] we have elected to address them in a single opinion. In accordance with KRS 533.250(1), Kenton Circuit Court submitted for this Court's

---

1. KRS 533.250—.262.

approval a Class D Felony Pretrial Diversion Program, which we approved. Because KRS 533.250(2) provides that "[t]he Commonwealth's attorney shall make a recommendation upon each application for pretrial diversion to the Circuit Judge in the court where the case would be tried," [2] Part III(c) of the diversion program adopted in Kenton County incorporated the statutory requirement by directing the Commonwealth "to make a written recommendation to the Court in response to each application within 7 days." [3] In each of these two cases, the Commonwealth objected to the defendant's pretrial diversion application. In *Flynt v. Bartlett*, the Third Division of Kenton Circuit Court denied the defendant's application for pretrial diversion after concluding that it had no authority to grant the defendant's application over the Commonwealth's objection. In *Commonwealth v. Elliott*, however, the Second Division of Kenton Circuit Court held that it could order pretrial diversion without a favorable recommendation from the Commonwealth, and the court granted the defendant's application for pretrial diversion over the Commonwealth's objection. May a circuit court permit a defendant to participate in a pretrial diversion program over the Commonwealth's objection? After interpreting the relevant statutory authority in light of Kentucky's constitutional separation of powers principles, we conclude that the Commonwealth must give its consent before a circuit court has the authority to approve a defendant's application to participate in a pretrial diversion program.

## II. STATUTORY, FACTUAL, AND PROCEDURAL BACKGROUND

The 1998 Kentucky General Assembly enacted statutory provisions governing the creation of pretrial diversion programs in Kentucky's circuit courts. KRS 533.250 outlines the eligibility requirements and required features of all such programs:

(1) A pretrial diversion program shall be operated in each judicial circuit. The chief judge of each judicial circuit, in cooperation with the Commonwealth's Attorney, shall submit a plan for the pretrial diversion program to the Supreme Court for approval on or before December 1, 1999. The pretrial diversion program shall contain the following elements:

(a) The program may be utilized for a person charged with a Class D felony offense who has not, within ten (10) years immediately preceding the commission of this offense, been convicted of a felony under the laws of this state, another state, or of the United States, or has not been on probation or parole or who has not been released from the service of any felony sentence within ten (10) years immediately preceding the commission of the offense.

(b) The program shall not be utilized for persons charged with offenses for which probation, parole, or conditional discharge is prohibited under KRS 532.045.

(c) No person shall be eligible for pretrial diversion more than once in a five (5) year period.

(d) Any person charged with an offense not specified as precluding a person from pretrial diversion under paragraph (b) of this subsection

2. KRS 533.250(1).

3. Class D Felony Pretrial Diversion Rules for the Kenton Circuit Court (hereinafter "Kenton Circuit Court Pretrial Diversion Program"), § III(C).

may apply in writing to the trial court and the Commonwealth's attorney for entry into a pretrial diversion program.

(e) Any person shall be required to enter an Alford plea or a plea of guilty as a condition of pretrial diversion.

(2) The Commonwealth's attorney shall make a recommendation upon each application for pretrial diversion to the Circuit Judge in the court in which the case would be tried. The court may approve or disapprove the diversion.

(3) The court shall assess a diversion supervision fee of a sufficient amount to defray all or part of the cost of participating in the diversion program. Unless the fee is waived by the court in the case of indigency, the fee shall be assessed against each person placed in the diversion program. The fee may be based upon ability to pay.[4]

Subsequent statutory provisions specify the criteria the Commonwealth attorney must consider in making his or her KRS 533.250(2) recommendation as to a pretrial diversion application[5] and supply additional detail by referencing other statutory provisions to govern the term of, supervising authority for, and availability of restitution within pretrial diversion programs.[6] KRS 533.258 clarifies the nature and significance of pretrial diversion—i.e., "that the legislature intends for a successful pretrial diversion to, in effect, wipe the slate clean as to those charges"[7]—and states that, after successful completion of pretrial diversion, "the charges against the defendant shall be listed as 'dismissed-diverted' and shall not constitute a criminal conviction."[8] If, however, the defendant does not successfully complete pretrial diversion, KRS 533.256 contemplates that the trial court will enter final judgment in accordance with the defendant's guilty plea.[9] Finally, KRS 533.262 reflects the General Assembly's determination that, although the district courts may employ other pretrial diversion programs,[10] the pretrial diversion program authorized in the earlier statutory provisions "shall be the sole program utilized in the Circuit Courts of the Commonwealth except for drug court diversion as approved by the Supreme Court and the Department of Corrections."[11]

---

4. KRS 533.250.

5. KRS 533.252.

6. KRS 533.254.

7. *Hyatt v. Commonwealth,* Ky.App., 17 S.W.3d 121, 123 (2000).

8. KRS 533.258(1). *See also* KRS 533.258(2) ("The defendant shall not be required to list this disposition on any application for employment, licensure, or otherwise unless required to do so by federal law."); KRS 533.258(3) ("Pretrial diversion records shall not be introduced as evidence in any court in a civil, criminal, or other matter without the consent of the defendant.").

9. KRS 533.256(1).

10. The provisions permit programs that are "authorized by the Kentucky Supreme Court and providing for the pretrial diversion of misdemeanants," KRS 533.262(2), e.g., those implemented in district court pursuant to CR 8.04. The statute also contains "grandfather" language permitting pretrial diversion programs in place as of July 15, 1998 to "continue for the purpose of supervising persons granted pretrial diversion prior to July 15, 1998, however no new persons shall be admitted to these programs." KRS 533.262(2).

11. KRS 533.262(1). This Court is unaware of any drug court diversion program, which operates separately from a pretrial diversion program authorized by KRS 533.250—.260, that has been approved by both this Court and the Department of Corrections.

The Kenton Circuit Court Pretrial Diversion Program, which was adopted pursuant to, and thus substantially mirrors, the above-described statutory authority, sets out procedures governing applications for pretrial diversion in Kenton Circuit Court:

III.  *Procedure* .

A.  As soon as possible after indictment in circuit court, and no later than 14 days after arraignment, except for good cause shown, any person eligible for the program may apply in writing to the Circuit Court and the Commonwealth for entry of a pretrial diversion order.

[**Last minute filing of an application for diversion may cause delay in the scheduled trial for the case and should be avoided.**]

B.  In applying for pretrial diversion, counsel for the defendant must state, and the defendant must agree on the record, in the event diversion is granted, any right to a speedy trial or disposition of the charge against him/her is waived.  The waiver must accompany the written request for diversion.

C.  The Commonwealth shall make a written recommendation to the Court in response to each application within 7 days.

D.  Before making a recommendation to the Court, the Commonwealth shall:

1.  Have a criminal record check made by telephoning Pretrial Services at AOC . . . .

2.  Interview and seek input from the victim and/or victim's family and advise them of the time, date, and place the motion will be heard by the Court; and

3.  When diversion is recommended, the Commonwealth must make written recommendations to the Court of conditions for the pretrial diversion as well as the appropriate sentence to be imposed if the diversion agreement is unsuccessful.

[**The Commonwealth will be bound by its recommendation.  In the event diversion is unsuccessful, the Commonwealth will not be permitted to argue for a sentence in excess of the original recommendation.  Moreover, the Court cannot impose a sentence greater than the recommendation without first allowing the defendant the opportunity to withdraw the plea.**]

[**The Commonwealth is statutorily required to make a recommendation, whether favorable or unfavorable on *every* application.  The circuit court cannot act on a request for diversion absent a recommendation from the prosecutor.  DUE TO CONSTITUTIONAL CONSIDERATIONS, IT IS BELIEVED THAT DIVERSION IS *UNAVAILABLE* ABSENT A FAVORABLE RECOMMENDATION FROM THE COMMONWEALTH.  It is recommended that the defense attorney simultaneously submit an application to the Circuit Court and to the prosecutor.  The Commonwealth will then request the criminal record check, contact the victim, etc.; after charges are filed, AOC Form 347, styled MOTION FOR PRETRIAL DIVERSION OF A CLASS D FELONY, which contains the Commonwealth's recommendation, will be filed by the Commonwealth with the Circuit Court Clerk].[12]**

12.  Kenton Circuit Court Pretrial Diversion Program § III (emphasis in original).  The

The Kenton Circuit Court local rules further: (1) provide that "[t]he Court may, in its discretion, order pretrial diversion for eligible petitioners upon terms and conditions as it deems appropriate";[13] (2) list both mandatory and discretionary conditions for pretrial diversion;[14] (3) outline procedures for voiding the pretrial diversion order "upon a showing of failure to comply with the conditions of diversion or failure to make satisfactory progress";[15] (4) provide that, "[i]f an order of pretrial diversion is voided, the defendant shall be sentenced according to law, based on his or her prior plea of guilt";[16] and (5) give effect to the legislature's intent by providing that "[i]f the defendant successfully completes the provisions of the pretrial diversion agreement, the charges against the defendant shall be dismissed."[17]

The cases now before the Court illustrate divergent views among the divisions of the Kenton Circuit Court regarding the local rules' commentary and, more fundamentally, whether the trial court has the authority to grant a pretrial diversion application over the Commonwealth's objection. The action styled as *Flynt v. Bartlett*, 2000–SC–0587–MR, arises from a Kenton Circuit Court indictment against Appellant Flynt for a felony drug offense. In the trial court, Appellant Flynt filed an Application for Entry of a Pretrial Diversion Order. In response to the application, the Commonwealth indicated its opposition and recommended against Appellant Flynt's participation in pretrial diversion. After concluding that it had no authority to approve the application without the Commonwealth's agreement, the

trial court entered an order overruling Appellant Flynt's application:

Having heard arguments of counsel and having reviewed the enabling legislation and the local diversion rules of the Kenton Circuit Court which have been approved by the Kentucky Supreme Court, this Court is of the opinion that it is without authority to order the Defendant be admitted to pre-trial diversion. KRS 533.250 does not mandate that a person charged with any particular crime must be admitted to pre-trial felony diversion. That statute speaks in terms of those who are eligible, and those who are not ineligible for such programs.

Each judicial circuit is required to submit its plan for pre-trial diversion, which the Kenton Circuit Court has done. The plan adopted by the Kenton Circuit Court, and approved by the Kentucky Supreme Court, provides that "due to constitutional considerations, diversion is unavailable absent a favorable recommendation from the Commonwealth." As stated above, the Commonwealth opposes diversion for the Defendant and has refused to make a favorable recommendation to this Court.

Accordingly, IT IS HEREBY ORDERED that the Defendant's application for an Order admitting him to pretrial felony diversion is OVERRULED.

Appellant Flynt filed a second application for pretrial diversion, and the trial court again overruled the application. Appellant Flynt then petitioned the Court of Appeals for a writ of mandamus directing Appellee

---

rules contain a notation that "Comments appearing in bold type are not intended to be part of the rules but may provide guidance in applying the rules." *Id.*

**13.** *Id.* at § IV(A).

**14.** *Id.* at § IV(B) & (C).

**15.** *Id.* at § V(A).

**16.** *Id.* at § V(B).

**17.** *Id.* at § VI.

Judge Bartlett "to exercise discretion and to rule upon the Defendant's motion for Felony Diversion under KRS 533.250." The Court of Appeals denied Appellant Flynt's petition after concluding that the extraordinary relief requested was not available because Appellant Flynt "has an adequate remedy by his ability to raise this issue in an appeal of a conviction if that should occur." Appellant Flynt then appealed to this Court as a matter-of-right.

In *Commonwealth v. Elliott*, 2000–SC–0399–TG, another division of the Kenton Circuit Court reached a different conclusion as to the scope of a trial court's authority under KRS 533.250(2). Appellee Elliott, who was charged with a felony theft offense, filed a Motion for Pretrial Diversion in which he acknowledged that "the Commonwealth of Kentucky has indicated to the Defendant's counsel its opposition to this motion." The Commonwealth then filed a memorandum with the trial court in which it argued that the trial court did not have the authority to approve Appellee Elliott's application because the Commonwealth had not recommended that it approve the application. The trial court directed the parties to brief the issue further, and, in response to the Commonwealth's position, Appellee Elliott argued: (1) that the trial court was not bound by the commentary in the Kenton Circuit Court rules because *"under the rules,* a favorable recommendation from the Plaintiff is not required for the Court to grant felony pretrial diversion"; and (2) that, even if the Commonwealth's agreement is required for pretrial diversion, the Commonwealth arbitrarily withheld a favorable recommendation in his case. The trial court agreed with both of Appellee Elliott's arguments, and, in its order granting the motion, characterized pretrial diversion as simply an additional sentencing option available to the court:

KRS 533.350(2) requires no more than that the Commonwealth make a recommendation, favorable or unfavorable, and the court approve or disapprove the diversion. The statute does not mandate the favorable recommendation of the Commonwealth. The Commonwealth argues that such an application unconstitutionally violates principles of separation of powers and unconstitutionally infringes upon the prerogatives of the Commonwealth. However, it is evident that the legislature created an alternative disposition, diversion available to the Court along with probation and conditional discharge. Accordingly, the legislature placed diversion in KRS Chapter 533 which addresses probation and conditional discharge. The Commonwealth elects to prosecute, which it did in this case and obtained a grand jury indictment. That having been done, without judicial interference, upon the defendant's plea of guilty the court is free to impose diversion consistent with the statutory scheme found in KRS Chapter 533.

. . .

Of additional concern to the Court is the Commonwealth's decision to exclude all Class D felony thefts, regardless of the circumstances of each defendant, wherein an employee is indicted for theft from an employer. Defendant argues that this is an arbitrary exclusion. The Commonwealth has offered its reasons for such an excluded group. This court concludes, however that to exclude from diversion an entire class of persons otherwise statutorily eligible, without giving any consideration to the characteristics and circumstances of each individual, is in the context of KRS 533.250 arbitrary.

The court feels compelled to approve defendant's request for diversion in this case .... The court has given consider-

ation to the commentary to the Class D Felony Pretrial Diversion Rules of the Kenton Circuit Court, which suggest that the Commonwealth's favorable recommendation is required. This court believes that the above considerations ... are more compelling than the commentary to the rules.

...

IT IS HEREBY ORDERED AND ADJUDGED that the defendant's motion for pretrial diversion is GRANTED. The parties are directed to appear in court ... for further proceedings consistent with this order.

The Commonwealth then filed an appeal under KRS 22A.020(4) from the trial court's order. In response to the Court of Appeals's recommendation, we accepted transfer of the appeal to this Court in order to resolve this issue of first impression regarding Kentucky circuit courts' authority under KRS 533.250.

## III. ANALYSIS

### A. AVAILABILITY OF EXTRAORDINARY RELIEF IN *FLYNT v. BARTLETT*

██ Because of the procedural posture in which *Flynt v. Bartlett* comes before the Court—an appeal from the Court of Appeals's denial of Appellant Flynt's petition for a writ of mandamus—we must first address whether Appellant Flynt's petition for relief satisfied the threshold requirements of the extraordinary relief sought. Specifically, the extraordinary remedy of a writ of mandamus is unavailable unless the petitioner can demonstrate that traditional post hoc appellate procedures do not provide him or her with an adequate remedy.[18] In the case at bar, we agree with the Court of Appeals's determination that Appellant Flynt "has not demonstrated that he will suffer any injury which could not be repaired by appeal."

In his petition for relief, Appellant Flynt argued that extraordinary relief was appropriate because, if he sought appellate review of the trial court's pretrial detention ruling in an appeal from a final judgment of conviction, he would first have to suffer the collateral consequences associated with a felony conviction. Appellant Flynt attached an affidavit to his petition in which he referenced the adverse effect that his status as a convicted felon would have upon "his ability to vote, serve on a jury, and other civil rights afforded to non-felons while they are participating in the Kenton County Diversion Program" as well as his employment "in the operation of sexually oriented businesses," which are, according to Appellant Flynt, subject to licensing laws that prohibit the employment of convicted felons. To accept Appellant Flynt's argument that the disqualifications associated with a felony conviction render his direct appeal right an inadequate remedy, however, we would have to hold that any ruling in a felony case can be reviewed via mandamus or prohibition prior to final judgment. And, because we have consistently found that traditional appellate review of allegations of error in felony cases constitute an adequate remedy,[19] we agree with the

---

**18.** *Kentucky Labor Cabinet v. Graham*, Ky., 43 S.W.3d 247, 251 (2001).

**19.** *See Holbrooks v. Commonwealth*, Ky., 85 S.W.3d 563, 566–7 (2002) (holding that direct appeal from subsequent conviction is the proper context in which to seek review of trial court's ruling declaring mistrial over defendant's objection at previous trial); *Ignatow v. Ryan*, Ky., 40 S.W.3d 861 (2001) (holding that Court of Appeals properly denied petition for writ directing trial court to exclude certain evidence because "evidentiary errors may be corrected on appeal."); *St. Clair v. Roark*, Ky., 10 S.W.3d 482, 485 (2000) (holding that, although double jeopardy is an appropriate

Court of Appeals that Appellant Flynt's right of direct appeal from any future judgment of conviction would afford him an adequate forum in which to raise his allegation of error. If the trial court had abused its discretion in denying Appellant Flynt's application for pretrial diversion, a reviewing court could vacate a judgment of conviction and remand the matter to the trial court to reconsider (or to grant) the application. Further, while we express no opinion regarding the specific consequences identified by Appellant Flynt, we observe that we have held that some disqualifications associated with a felony conviction are triggered by the guilty plea that KRS 533.250(1)(e) requires as a condition of pretrial diversion[20] rather than by a final judgment of conviction. Thus, although we necessarily will address the merits of Appellant Flynt's claim in order to decide the identical issues presented in *Commonwealth v. Elliott,* we affirm the Court of Appeals's denial of mandamus relief in *Flynt v. Bartlett* on the grounds that such relief was not available because Appellant Flynt had an adequate remedy by appeal.

## B. CIRCUIT COURTS' AUTHORITY UNDER KRS 533.250(2)

■ In creating Kentucky's Pretrial Diversion Program, the General Assembly provided:

> The Commonwealth's attorney shall make a recommendation upon each ap-

plication for pretrial diversion to the Circuit Judge in the court in which the case would be tried. The court may approve or disapprove the diversion.[21] And, in resolving the primary issue before the Court, our task is to ascertain the legislature's intentions in the second sentence of this subsection, i.e., "[t]he court may approve or disapprove the diversion." The Commonwealth argues that the trial court's authority to approve an application for pretrial diversion exists only when the Commonwealth makes a favorable recommendation. Appellee Elliott, however, argues that the statutory scheme contemplates circumstances under which a trial court would grant diversion without the Commonwealth's agreement. Because the statutory language does not speak directly to this issue, we must interpret a statute that we find susceptible to reasonable alternative interpretations. Although we recognize that the issue before the Court addresses itself only to a narrow question of statutory interpretation—i.e., whether, under KRS 533.250(2), a circuit court has the authority to *approve* a pretrial diversion application over the Commonwealth's objection—and that the constitutionality of this enactment is not before the Court, we observe that, "if there are two ways to reasonably construe a statute, one upholding the validity and the other rendering it unconstitutional, we 'must adopt the construction which sustains the constitutionality of the statute.'"[22] Because we con-

---

subject for a writ of prohibition, "the court in which the petition is filed may, in its discretion ... decline [to address the merits of the petition] on grounds that there is an adequate remedy by appeal."); *Cavender v. Miller,* Ky., 984 S.W.2d 848, 849 (1998) (holding that the Appellant had an adequate remedy by appeal for his discovery violation allegations).

20. *See Thomas v. Commonwealth,* Ky., 95 S.W.3d 828 (2003) (guilty plea in connection with pretrial diversion application made the Appellant a "convicted felon" for purposes of

KRS 527.040); *Kentucky Bar Association v. Haggard,* Ky., 57 S.W.3d 300 (2001) (*Alford* pleas required for admission to diversion program automatically suspended the Respondent from the practice of law by virtue of SCR 3.166).

21. KRS 533.250(2).

22. *Commonwealth v. Halsell,* Ky., 934 S.W.2d 552, 555 (1996), *quoting American Trucking Ass'n v. Commonwealth, Transportation Cabinet,* Ky., 676 S.W.2d 785, 789 (1984). *See*

clude that Appellee Elliott interprets KRS 533.250(2) in a manner that would assign purely executive functions to the judiciary—i.e., an interpretation that would upset the separation of powers mandated by Kentucky's Constitution—we endorse the Commonwealth's interpretation and hold that KRS 533.250(2) authorizes circuit courts to grant applications for pretrial diversion only with the Commonwealth's agreement.

In interpreting the scope of the authority granted to circuit courts under KRS 533.250(2), we initially observe that the title of the *"Pretrial* Diversion Program" created by the General Assembly is misleading. KRS 533.250(1)(e) states that, "[a]ny person shall be required to enter an Alford plea or a plea of guilty as a condition of pretrial diversion." [23] Thus, unlike the more typical, deferred-prosecution diversion schemes—such as the one authorized in district courts by our Rules of Criminal Procedure [24]—the type of diversion program that the legislature has authorized for Class D felony charges in circuit courts is not, in any meaningful sense, "pretrial."

Contrary to Appellee Elliott's argument, however, KRS 533.250 diversion cannot be characterized as simply a sentencing alternative—akin to a sentence of probation or conditional discharge—which is available for the trial court's consideration. The most significant distinguishing feature is that, unlike a sentence of imprisonment, probation, or conditional discharge, admission into a diversion program permits a defendant who successfully completes diversion to avoid a felony conviction entirely. And, we conclude that this interruption of prosecution prior to final disposition requires the Commonwealth's agreement.

■ It is manifest that the prosecution of crime is an executive function and that "the duty of the executive department is to enforce the criminal laws." [25] Although it is beyond dispute that the executive branch's prosecutorial function *includes* "the decision whether or not to prosecute, and what charge to file or bring before a grand jury," [26] it is argued in favor of Appellee Elliott's interpretation of KRS 533.250(2) that, after the grand jury returns an indictment, the disposition of a criminal matter is exclusively a judicial function. We observe, however, that this view of the scope of prosecutorial authority is contradicted not only by established understandings of this authority, [27] but also

*also Gibson v. Commonwealth,* 209 Ky. 101, 272 S.W. 43 (1925) ("It is an elementary principle that where ... there are two possible interpretations, by one of which the statute would be constitutional, and by the other it would not, it is the duty of the court to adopt that construction which would uphold it.").

23. KRS 533.250(1)(e).

24. *See* RCr 8.04(1) ("The attorney for the Commonwealth and the defendant may agree, subject to the approval of the trial court, that the prosecution will be suspended for a specified period after which it will be dismissed ....").

25. *Bradshaw v. Ball,* Ky., 487 S.W.2d 294, 299 (1972). *See also* KRS 15.220 (stating that

powers conferred upon the Attorney General by statute "shall not be construed to deprive prosecuting attorneys of any of their authority in respect to criminal prosecutions, or relieve them from any of their duties to enforce the criminal laws of the Commonwealth."); *Hancock v. Schroering,* Ky., 481 S.W.2d 57, 61 (1972) (referencing KRS 15.220 in discussion of Commonwealth's attorney's inherent constitutional powers).

26. *Commonwealth v. McKinney,* Ky.App., 594 S.W.2d 884, 888 (1979), *quoting Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

27. *See* BLACK'S LAW DICTIONARY 479 (7th ed.1999) (defining "prosecutorial discretion" as "[a] prosecutor's power to choose from the

by Kentucky statutory law and the precedent of this Court and its predecessor.

In defining the duties of Commonwealth's attorneys, the General Assembly clearly contemplated that they would perform executive prosecutorial functions both before and after indictment:

> The Commonwealth's attorney shall ... have the duty to prosecute all violations of the criminal and penal laws which are to be tried in the Circuit Court in his judicial circuit. *In addition,* he shall have the primary responsibility within his judicial circuit to present evidence to the grand jury concerning such violations.[28]

And, because prosecutors have the sole discretion whether to engage in plea bargaining with a defendant,[29] this court and its predecessor have held that, unless the Commonwealth consents, courts cannot:

(1) accept pleas of guilty and unilaterally limit the sentences which may be imposed;[30] (2) amend a charge prior to the presentation of evidence;[31] or (3) dismiss a valid indictment:

> [W]here an indictment, for any cause, is to be dismissed or filed away, it can only be done upon motion of the commonwealth's attorney, or the county attorney who may be acting for him .... A prosecution by indictment is a litigation in which the state is plaintiff or complainant, and is represented by the commonwealth's attorney. The judge does not represent the state any more than he does the defendant in the prosecution. His right to control the prosecution goes only to the extent of determining whether the indictment is good on demurrer. If he holds it to be a good indictment, he is without power to direct its dismissal.[32]

---

options available in a criminal case, such as filing charges, prosecuting, plea-bargaining, and recommending a sentence to the court"); *Id.* at 1237 (defining "prosecute" as "[t]o institute *and pursue* a criminal action against (a person)" (emphasis added)); *Id.* (defining "prosecution" as both "[a] criminal proceeding in which an accused person is tried" and "[t]he government attorneys who initiate *and maintain a* criminal action against an accused defendant" (emphasis added)).

**28.** KRS 15.725(1) (emphasis added).

**29.** *Commonwealth v. Reyes*, Ky., 764 S.W.2d 62, 64 (1989) ("No defendant has a constitutional right to plea bargain. The prosecutor may engage in it or not at his sole discretion. If he wishes, he may go to trial."), *citing Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). *See also Commonwealth v. Corey*, Ky., 826 S.W.2d 319 (1992) ("[W]hether to engage in plea bargaining is a matter reserved to the sound discretion of the prosecuting authority.").

**30.** *Commonwealth v. Corey, supra* note 29 at 321 ("[I]f the guilty plea has strings attached which limit the sentence which may be imposed by virtue of it, the Commonwealth must

be a party to the agreement."); *Commonwealth v. Ryan*, Ky., 5 S.W.3d 113 (1999) ("[T]he judge's decision to exclude the death penalty ... does not fall within his authority.").

**31.** *Allen v. Walter*, Ky., 534 S.W.2d 453, 455 (1976) ("[W]ithout consent of the Commonwealth, a trial court may not before trial amend or reduce to a lower degree the charge brought against the defendant [because] it is not the prerogative of a court to choose what the accusation will be.").

**32.** *Commonwealth v. Cundiff*, 149 Ky. 37, 147 S.W. 767, 768 (1912). *See also Hayden v. Johnson*, Ky., 489 S.W.2d 513, 516 (1972) ("There is no authority for the use of summary judgment procedure in a criminal prosecution."); *Commonwealth v. Hughes*, 153 Ky. 34, 154 S.W. 399, 400 (1913) ("The trial court may ... determine upon the trial whether there is any evidence conducing to prove the defendant's guilt, and, if none, instruct the jury to acquit him; but it is without power to dismiss a sufficient indictment without a trial of the defendant, when such dismissal is objected to by the commonwealth's attorney").

By approving a defendant's application for pretrial diversion, a circuit court permits the defendant to embark upon a path, which, if successfully negotiated, will result in the defendant's charges being "dismissed-diverted"—a status indistinguishable from any other dismissal as it is defined by statute as one that "shall not constitute a criminal conviction." [33] Appellee Elliott argues that a circuit court's authority to unilaterally order pretrial diversion is tantamount to the court's authority under KRS 431.078 to expunge misdemeanor and violation convictions because, after expungement, "the proceedings in the case shall be deemed never to have occurred." [34] In response to this claim, and with the caveat that the constitutionality of KRS 431.078 is not an issue before the Court, we observe that the authority granted by KRS 431.078 arises only after the executive branch has discharged its prosecutorial function—in fact, it does not arise until any sentence imposed has been fully executed because KRS 431.078 permits expungement "no sooner than five (5) years after the completion of the person's sentence or five (5) years after the successful completion of the person's probation, whichever occurs later." [35] As such, unlike Appellee Elliott's interpretation of KRS 533.250(2), the expungement authority granted by KRS 431.078 does not permit the judiciary to exercise executive authority by interrupting the prosecution prior to final disposition. To interpret KRS 533.250(2) as permitting a trial court to approve pretrial diversion applications over the Commonwealth's objection—and thus conferring upon circuit courts the discretionary authority that we have previously held to be within the exclusive province of the executive branch—would construe it in a manner inconsistent with Kentucky's constitutional separation of powers provisions. [36] In accordance with the rule of statutory construction referenced above, we therefore hold that KRS 533.250(2) gives a circuit court the discretion to approve or disapprove an application for pretrial diversion only when the Commonwealth has recommended that the court approve the application. Thus, in cases such as Appellee Elliott's, where the Commonwealth objects to pretrial diversion, circuit courts cannot unilaterally approve a defendant's diversion application.

## C. ALLEGED "ARBITRARINESS" OF COMMONWEALTH'S OBJECTION TO PRETRIAL DIVERSION IN *ELLIOTT v. COMMONWEALTH*

Appellee Elliott argues that, regardless of whether the Commonwealth's agreement is a precondition to the trial court's authority to grant pretrial diversion, the trial court properly approved his diversion application after the Commonwealth arbitrarily denied a favorable recommendation. It appears from the record that the primary basis of the Commonwealth's decision to oppose Appellee Elliott's application for pretrial diversion was the Kenton County Commonwealth Attorney's policy of opposing pretrial diversion in cases of employee theft. Appellee Elliott alleges that the Commonwealth acted arbitrarily by objecting to his pretrial di-

---

33. KRS 533.258(1).

34. KRS 431.078(5).

35. KRS 431.078(2).

36. *See Prater v. Commonwealth,* Ky., 82 S.W.3d 898, 901 (2002) ("Since the adoption of the current Constitution, Kentucky courts have found unconstitutional the judiciary's exercise of functions exclusive to the legislative or executive branches of government." (footnotes omitted)); *Id.* at 901 n. 11 (collecting cases).

version application without an individualized determination and under a policy which has the effect of excluding an entire class of eligible applicants. We observe, however, that even if we were to agree with Appellant Elliott's premise that the Commonwealth's recommendation as to his pretrial diversion application was arbitrary, the Kenton Circuit Court still lacked the authority to approve the application over the Commonwealth's objection. Although the trial court could have ordered the Commonwealth to reconsider its recommendation without regard to the policy, for reasons outlined previously, the Kenton Circuit Court had no power to approve the application without the Commonwealth's agreement.

■ In any event, however, we are not persuaded by Appellee Elliott's claim of arbitrary treatment. The appellate courts of Kentucky have recognized that " 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' " [37] Because the Commonwealth did not utilize any constitutionally impermissible standard in differentiating employee-theft defendants as a class of offenders for whom it would oppose pretrial diversion, Appellee Elliott cannot establish a claim of arbitrariness. We further observe that the General Assembly has directed Commonwealth's Attorneys to "[c]onduct any other investigation ... with regard to ... *the circumstances of the crime* so as to enable him or her ... to make a decision whether to recommend pretrial diversion." [38] Thus, because the policy addresses itself to the circumstances of a class of theft crimes, we find nothing arbitrary about the Commonwealth's categorical determination that it will not exercise its discretion to recommend pretrial diversion for offenders who have stolen from their employers.

## IV. CONCLUSION

For the reasons outlined above: (1) in *Flynt v. Bartlett*, 2000–SC–0587–MR we affirm the denial of Appellant Flynt's petition for a writ of mandamus; however, (2) in *Commonwealth v. Elliott*, 2000–SC–0399–TG, we reverse the Kenton Circuit Court's order granting Appellee Elliott's motion for pretrial diversion and we remand the case to the trial court for further proceedings on Kenton Circuit Court Indictment No. 99–CR–641.

All concur.

**37.** *Commonwealth v. McKinney, supra* note 26 at 888, *quoting Bordenkircher v. Hayes, supra* note 26.

**38.** KRS 533.252(3) (emphasis added).