Billy **JONES**, Appellant

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 2011–CA–001298–MR.

Court of Appeals of Kentucky.

Dec. 21, 2012.

Discretionary Review Denied by Supreme Court Nov. 13, 2013.

Thomas M. Ransdell, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, J. Hays Lawson, Assistant Attorney General, Robert Long (argued), Frankfort, KY, for appellee.

Before ACREE, Chief Judge; NICKELL and STUMBO, Judges.

*OPINION*

STUMBO, Judge:

Billy Jones appeals from the denial of his motion to enter into the deferred prosecution program set forth in Kentucky Revised Statute (KRS) 218A.14151. He argues that the trial court erred in holding that it had no authority to consider whether the prosecution's reasons for denying deferred prosecution were substantial and compelling. The Commonwealth argues that the granting of deferred prosecution is solely within the province of the prosecution and the trial court cannot substitute its judgment for that of the prosecution. We agree with the argument of the Commonwealth and affirm.

On April 25, 2001, Jones was indicted by a grand jury for three offenses: first-degree possession of a controlled substance, cocaine, first offense; second-degree disorderly conduct; and public intoxication. On July 13, 2011, Jones filed an application for deferred prosecution under KRS 218A.14151. The request was denied. The trial court heard argument on the issue on June 20, 2011, with defense counsel requesting that the Commonwealth Attorney be made to state substantial and compelling reasons why Jones should not be allowed into the deferred prosecution program. The Commonwealth Attorney stated that deferring a prosecution could lead to lost evidence and that granting a diversion, instead of deferring prosecution, is essentially the same thing. The trial court held that it had no authority to order the Commonwealth to defer prosecution because KRS 218A.14151 required the consent of the prosecution.

On July 11, 2011, Jones entered a conditional guilty plea to the possession of a

controlled substance charge. The guilty plea was conditioned upon Jones' right to appeal the denial of his motion for a deferred prosecution. The sentence was instead diverted for a period of three years. This appeal followed.

KRS 218A.1415 states:

(1) A person is guilty of possession of a controlled substance in the first degree when he or she knowingly and unlawfully possesses:

(a) A controlled substance that is classified in Schedules I or II and is a narcotic drug;

(b) A controlled substance analogue;

(c) Methamphetamine;

(d) Lysergic acid diethylamide;

(e) Phencyclidine;

(f) Gamma hydroxybutyric acid (GHB), including its salts, isomers, salts of isomers, and analogues; or

(g) Flunitrazepam, including its salts, isomers, and salts of isomers.

(2) Possession of a controlled substance in the first degree is a Class D felony subject to the following provisions:

(a) The maximum term of incarceration shall be no greater than three (3) years, notwithstanding KRS Chapter 532;

(b) For a person's first or second offense under this section, he or she may be subject to a period of:

1. Deferred prosecution pursuant to KRS 218A.14151; or

2. Presumptive probation;

(c) Deferred prosecution under paragraph (b) of this subsection shall be the preferred alternative for a first offense; and

(d) If a person does not enter a deferred prosecution program for his or her first or second offense, he or she shall be subject to a period of presumptive probation, unless a court determines the defendant is not eligible for presumptive probation as defined in KRS 218A.010.

KRS 218A.14151, the statute that describes the deferred prosecution process, states:

(1) A defendant charged with his or her first or second offense under KRS 218A.1415 may enter a deferred prosecution program subject to the following provisions:

(a) The defendant requests deferred prosecution in writing on an application created under KRS 27A.099, and the prosecutor agrees;

(b) The defendant shall not be required to plead guilty or enter an Alford plea as a condition of applying for participation in the deferred prosecution program;

(c) The defendant agrees to the terms and conditions set forth by the Commonwealth's attorney and approved by the court, which may include any provision authorized for pretrial diversion pursuant to KRS 533.250(1)(h) and (2); and

(d) The maximum length of participation in the program shall be two (2) years.

(2) If a prosecutor denies a defendant's request to enter a deferred prosecution program, the prosecutor shall state on the record the substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety.

(3) If the defendant successfully completes the deferred prosecution program, the charges against the defendant shall be dismissed, and all records relating to the case, including but not limited to arrest records and records relating to the charges, shall be sealed, except as provided in KRS 27A.099. The offense shall be deemed never to have occurred, except for the purposes of determining

the defendant's eligibility for deferred prosecution ... and the defendant shall not be required to disclose the arrest or other information relating to the charges or participation in the program unless required to do so by state or federal law.

(4) If the defendant is charged with violating the conditions of the program, the court, upon motion of the Commonwealth's attorney, shall hold a hearing to determine whether the defendant violated the conditions of the program.

(5) If the court finds that the defendant violated the conditions of the program, the court may, with the approval of the prosecutor:

(a) Continue the defendant's participation in the program;

(b) Change the terms and conditions of the defendant's participation in the program; or

(c) Order the defendant removed from the program and proceed with ordinary prosecution for the offense charged.

KRS 218A.010(37) defines presumptive probation as:

"Presumptive probation" means a sentence of probation not to exceed the maximum term specified for the offense, subject to conditions otherwise authorized by law, that is presumed to be the appropriate sentence for certain offenses designated in this chapter, notwithstanding contrary provisions of KRS Chapter 533. That presumption shall only be overcome by a finding on the record by the sentencing court of substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety[.]

Jones was eligible to enter the deferred prosecution program under KRS 218A.1415(2)(b) because he was charged with possession of a controlled substance, first offense. In this instance, Jones was denied entry into the program because the Commonwealth Attorney was afraid of losing evidence should Jones later be removed from the program, making a later prosecution against him harder. Jones' primary argument is that the Commonwealth Attorney did not set forth sufficient reasons why he was denied entry into the program as required by KRS 218A.14151(2).

KRS 218A.14151(2) states:

If a prosecutor denies a defendant's request to enter a deferred prosecution program, the prosecutor shall state on the record the substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety.

Jones argues that this section forces the Commonwealth to state on the record why it denied him entry into the deferred prosecution program and that said reasons must be "substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety." Jones claims that the Commonwealth's reasons in this instance do not fall under one of the three substantial and compelling reasons set forth in this section of the statute. However, the trial court found that it had no authority to question the prosecution's reasoning.

The Commonwealth argued, and the trial court agreed, that determining whether to allow a defendant into a deferred prosecution program is within the sole discretion of the prosecution because the prosecutor must agree to allow the defendant into the program. KRS 218A.14151(1)(a). The Commonwealth also claims deferred

prosecution is similar to pretrial diversion, and entry into pretrial diversion has been held by the Kentucky Supreme Court in *Flynt v. Commonwealth*, 105 S.W.3d 415 (Ky.2003), to be solely the decision of the prosecution. Finally, the Commonwealth now argues that Jones' interpretation of KRS 218A.14151(2) is incorrect. We find the claims of the Commonwealth have merit.

■ First we will address the interpretation of KRS 218A.14151(2). The Commonwealth argues that after it denies entry into the deferred prosecution program it must then take a position on presumptive probation, by stating "on the record the substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety." As can be seen from the above definition of presumptive probation, it has the same "substantial and compelling" language as KRS 218A.14151(2). We therefore agree with the Commonwealth that after denying entry into the deferred prosecution program, the Commonwealth must take a position on the issue of presumptive probation. The "substantial and compelling" reasons required by the statute are not reasons for denying deferred prosecutions.

■ When KRS 218A.1415 and KRS 218A.14151 are read in conjunction, it is clear this is the correct interpretation. According to KRS 218A.1415, for a person's first or second offense of possession of a controlled substance, he or she may be subject to deferred prosecution *or* presumptive probation. KRS 218A.14151 then states that if deferred prosecution is denied, the Commonwealth must state on the record its opinion as to whether presumptive probation would be appropriate.

Moreover, as the Commonwealth argues, this interpretation is the only interpretation which would not be violative of the Kentucky Constitution's separation of powers provisions. The Commonwealth relies on *Flynt v. Commonwealth, supra*, for its argument. *Flynt* involved two separate criminal cases from different divisions of the Kenton Circuit Court. In both cases, the Commonwealth objected to the defendant's pretrial diversion applications. In one case, the Third Division of the Kenton Circuit Court denied the defendant's application for pretrial diversion. It found that it could not grant diversion absent the Commonwealth's consent. The defendant then appealed. In the other case, the Second Division of the Kenton Circuit Court granted the diversion application over the objection of the Commonwealth. The Commonwealth then appealed. The two cases were consolidated for appeal to the Kentucky Supreme Court.

The issue in *Flynt* was whether KRS 533.250, the pretrial diversion statute, requires the consent of the Commonwealth before entry into pretrial diversion or if a circuit court judge could intervene. The language at issue is found in KRS 533.250(6), which states: "[t]he Commonwealth's attorney shall make a recommendation upon each application for pretrial diversion to the Circuit Judge in the court in which the case would be tried. The court may approve or disapprove the diversion." [1] One of the *Flynt* defendants argued that allowing the court to approve or disapprove the diversion allowed the judge to grant diversion over the Commonwealth's objection.

1. This is the citation from the current version of the statute. The language is identical to the version of the statute used in *Flynt*.

The Kentucky Supreme Court ultimately held that granting pretrial diversion is solely a power of the Commonwealth because it is an interruption of the prosecution prior to final adjudication and allows a defendant, upon completion of the program, to avoid a felony conviction. *Flynt*, at 424. The Court found that allowing a court to unilaterally approve entry into pretrial diversion over the objection of the Commonwealth would be a separation of powers violation because "[i]t is manifest that the prosecution of crime is an executive function and that 'the duty of the executive department is to enforce the criminal laws.' " *Id.* (citation omitted).

The issue in the case at bar is similar. KRS 218A.14151 specifically requires the Commonwealth to agree to deferred prosecution. The granting of deferred prosecution is an interruption of the prosecution because it allows a defendant to have the charges against him dismissed with prejudice. If we were to accept Jones' interpretation of the statute that the Commonwealth must state "on the record the substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety[,]" a trial court could grant entry into the deferred prosecution program over the Commonwealth's objection. A trial court may well find the reasons stated by the Commonwealth for denying entry into the program are not substantial or compelling, thereby requiring the Commonwealth to reconsider its position or granting entry into the program over the Commonwealth's objection. The holding in *Flynt* is just as applicable to this deferred prosecution statute and would not allow for Jones' interpretation.

■ "Where a statute is reasonably susceptible of two constructions, one of which will uphold the validity thereof, and the other would render it unconstitutional, the court must adopt the construction which sustains the constitutionality of the statute." *American Trucking Ass'n, Inc. v. Commonwealth, Transp. Cabinet*, 676 S.W.2d 785, 789–90 (Ky.1984) (citation omitted). Here, the statute is open to two interpretations, but only the Commonwealth's sustains the constitutionality of the statute.

Based on the foregoing, we affirm the judgment of the Graves Circuit Court.

ACREE, Chief Judge, Concurs.

NICKELL, Judge, Concurs and files separate opinion.

NICKELL, Judge, concurring:

The General Assembly has indicated its legislative purpose in enacting KRS 218A was to regulate controlled substances for the purpose of preserving public safety and public health. KRS 218A.005(1). In so doing, the legislature determined community-based treatment provided an effective tool in reducing criminal risk factors and offered a potential alternative to incarceration in appropriate circumstances. KRS 218A.005(2).

The legislature thereupon established the criminal offense of possession of a controlled substance in the first degree, codified as KRS 218A.1415(1), and provided a maximum term of incarceration of no greater than three years for the Class D felony under KRS 218A.1415(2)(a). However, under KRS 218A.1415(2)(b), consistent with its legislative purpose and findings, the legislature provided that a person facing a first or second offense under the section *may* be subject to a period of deferred prosecution or presumptive probation. Deferred prosecution was identified, under KRS 218A.1415(2)(c), as the preferred alternative to incarceration for a

first offense, while presumptive probation was mandated under KRS 218A.1415(2)(d) for all other first or second offenders who were denied deferred prosecution "unless a court determines the defendant is not eligible for presumptive probation as defined in KRS 218A.010."

The legislature did not provide a definition of "deferred prosecution" under KRS 218A.010, but chose to express its meaning in a separate statute, KRS 218A.14151. In general, KRS 218A.14151(1) permits a defendant charged with a first or second offense under KRS 218A.1415 to enter a deferred prosecution program. A defendant must request deferred prosecution in writing and the prosecutor must agree to the defendant's request. KRS 218A.14151(1)(a). The defendant need not plead guilty or enter a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), as a condition of applying for participation in the deferred prosecution program. KRS 218A.14151(1)(b). However, the defendant must agree to the terms and conditions set forth by the prosecutor and approved by the court, "which may include any provision authorized for pretrial diversion pursuant to KRS 533.250(1)(h) and (2)[.]" KRS 218A.14151(1)(c). The maximum length of a deferred prosecution program is limited to two years. KRS 218A.14151(1)(d).

Upon successful completion of the deferred prosecution program, the charges against the defendant are dismissed and all records relating to the case, including but not limited to, arrest records and records relating to the charges, are sealed to the extent permitted by Kentucky law and the charges will be deemed as never having occurred. KRS 218A.14151(3). Similar to a defendant being placed on probation or pretrial diversion, the defendant is released from any pretrial confinement while participating in a deferred prosecu-

tion program. Of particular significance to the present appeal is KRS 218A.14151(2), wherein the legislature provided:

> If a prosecutor denies a defendant's request to enter a deferred prosecution program, the prosecutor shall state on the record the *substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety.*

[emphasis added].

As referenced in KRS 218A.1415(2)(d), where it was established as a potential alternative to incarceration for first or second offenders for whom deferred prosecution had been denied, the legislature provided a definition for "presumptive probation" in KRS 218A.010(37). The term was defined as "a sentence of probation not to exceed the maximum term specified for the offense, subject to conditions otherwise authorized by law, that is presumed to be the appropriate sentence for certain offenses designated in this chapter, notwithstanding contrary provisions of KRS Chapter 533." The legislature further directed that the

> presumption shall only be overcome by a finding on the record by the sentencing court of *substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety[.]*

KRS 218A.010(37) [emphasis added].

In this appeal, Jones focuses singularly upon the foregoing provision set forth in KRS 218A.14151(2), to the exclusion of the same language contained in KRS 218A.010(37). In so doing, he asserts that, by logical inference, the legislature intended to limit the prosecutor's discretion to deny deferred prosecution by authorizing

the trial court to review the sufficiency of any "substantial and compelling" reasons stated "on the record" by the prosecutor contraindicating alternatives to incarceration. If the trial court were to find the prosecutor's reasons lacking, Jones asserts the legislature, by implication, empowered the trial court to reverse the prosecutor's denial and compel deferred prosecution. Rather than stating a mere legislative preference for deferred prosecution under appropriate circumstances determined by the prosecutor, Jones essentially asserts the legislative intent of KRS 218A.14151(2) was to create a presumptive right for a defendant to receive deferred prosecution.

Conversely, the Commonwealth asserts KRS 218A should be read as a whole to glean the legislative intent. It argues that the provision contained in KRS 218A.14151(2) relates directly to the identical language incorporated by the legislature in KRS 218A.010(37). Thus, the Commonwealth argues the provision set forth in KRS 218A.14151(2), requiring a prosecutor who has denied a defendant's request for deferred prosecution to state "on the record" any "substantial and compelling" reasons contraindicating alternatives to incarceration, logically reflects the legislature's intention for the prosecutor to provide the trial court any important sentencing information that might militate against its subsequent grant of the presumptive right to probation defined in KRS 218A.010(37). Under this construction, where a prosecutor has already exercised executive authority in denying deferred prosecution, the trial court would simply weigh the prosecutor's statement of reasons contraindicating alternatives to incarceration when making its ultimate judicial "finding on the record" as to whether the statutory presumption favoring probation had been "overcome."

In essence, the Commonwealth's construction encouraged the trial court to determine the legislative intent of KRS 218A by considering the interrelated provisions of the whole act and its object and policy, rather than by attempting to ascertain intent from the singular statutory language of KRS 218A.14151(2) alone. *Jones v. Commonwealth,* 366 S.W.3d 376, 380 (Ky. 2011) (citations omitted). Our courts have recognized that a solitary section of a statute cannot reasonably be examined in a vacuum, but must be construed in conjunction with the legislative intent apparent from other sections of the whole enactment. *Commonwealth ex rel. Conway v. Thompson,* 300 S.W.3d 152, 170 (Ky.2009).

The trial court held the Commonwealth's statutory construction of the provisions contained in KRS 218A were the most compelling. I agree. Thus, I concur with the majority in affirming the trial court's three-pronged analysis. Each of the trial court's analytical prongs is sufficient to dispatch the statutory construction urged by Jones.

First, the trial court noted KRS 218A.14151(1)(a) clearly provided its entry of a deferred prosecution required the prosecutor's agreement, and that the prosecutor had denied Jones' request. The trial court further noted KRS 218A.14151(2) required the prosecutor to state reasons contraindicating alternatives to incarceration, and that the prosecutor had stated a concern regarding future prosecution of the case in the event Jones were provided a deferred prosecution but subsequently violated its terms. When asked to rule on the sufficiency of the prosecutor's stated reasons, the trial court correctly noted that KRS 218A.14151(2) contained no provision authorizing judicial review of the prosecutor's denial of deferred prosecution or stated reasons contraindicating incarceration alternatives, and rightly concluded "there is no purpose in the Court addressing the sufficiency of those findings." Had the legislature in-

tended such judicial review, it could easily have included clear statutory language to that effect. Thus, the trial court wisely refused to exercise authority where none was given and declined to recognize a presumptive right to deferred incarceration where none was established.

By refusing to adopt Jones' expansive construction of KRS 218A, the trial court limited its interpretation of the statutory words and phrases to their plain and ordinary meaning, *Baker v. White*, 251 Ky. 691, 65 S.W.2d 1022 (1933), and restricted itself from adding to or subtracting from the statutory language adopted by the legislature. *Alderman v. Bradley*, 957 S.W.2d 264, 266 (Ky.App.1997). The judiciary lacks authority to add new phrases to a statute to provide a new meaning necessary to render a statute constitutional or to declare a statute unconstitutional; and where a statute is intelligible on its face, the courts are not at liberty to supply words, insert phrases, or make additions to statutory language which amount to providing for a perceived *casus omissus*, or cure a possible omission. *Commonwealth v. Harrelson*, 14 S.W.3d 541, 545–546 (Ky. 2000) (citations omitted). The court is not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used. *Beckham v. Board of Educ. of Jefferson County*, 873 S.W.2d 575, 577 (Ky.1994). If a statute is plainly stated and unambiguous, its language is to be given full effect as written. *Mohammad v. Commonwealth*, 202 S.W.3d 589, 590 (Ky.2006).

Second, the trial court judge rightly noted that the broad construction of KRS 218A urged by Jones would result in judicial usurpation of the prosecutor's executive function in contravention of the separation of powers doctrine. Section 27 of the Kentucky Constitution establishes three distinct branches of government, and

Section 28 precludes one branch from exercising any power belonging to another under the separation of powers doctrine. *Jones v. Commonwealth*, 319 S.W.3d 295, 299 (Ky.2010). The trial court recognized that any statutory mixture of the role of the judiciary within the role of the executive would be fatal to the legislative scheme of KRS 218A. *Id.*

Prosecution of crime is an executive function. *Flynt*, 105 S.W.3d at 424. The power to charge persons with crimes and to prosecute those charges belongs to the executive department, and by statute is exercised by the appropriate prosecuting attorney. *Gibson v. Commonwealth*, 291 S.W.3d 686, 689–690 (Ky.2009). The Commonwealth's attorney is a member of the executive branch and the chief prosecutor in the circuit court. *Thompson*, 300 S.W.3d at 169 (see footnote 55). The executive branch has exclusive authority and absolute discretion in deciding whether to prosecute a case and broad discretion as to what crime to charge and penalty to seek, while the trial court "has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or *file away before trial a prosecution* based on a good indictment." *Hoskins v. Maricle*, 150 S.W.3d 1, 11–13 (Ky.2004) (emphasis added). Because a "deferred prosecution," as described in KRS 218A.14151, is the same as a prosecutor agreeing to "file away before trial a prosecution" as referenced in *Hoskins*, 150 S.W.3d at 13, the Supreme Court of Kentucky has held the judiciary may not compel a deferred prosecution without agreement by the prosecutor.

Courts must construe statutes in a manner that saves their constitutionality whenever possible, consistent with reason and common sense. *Commonwealth v. Kash*, 967 S.W.2d 37, 44 (Ky.App.1997). Where a statute is subject to two reasonable constructions, one upholding the validity and the other rendering it unconstitutional,

courts must adopt the construction that sustains the constitutionality of the statute. *Flynt,* 105 S.W.3d at 423 (citations omitted). Because the Kentucky Constitution controls any legislative act repugnant to it, no statute can validly direct or authorize the performance of an unconstitutional act. *Fox v. Grayson,* 317 S.W.3d 1, 17 (Ky. 2010). Adoption of any construction rendering a statute unconstitutional is "unreasonable and absurd," while accepting a construction saving its constitutionality is "reasonable, rational, sensible and intelligent[.]" *Johnson v. Frankfort & Cincinnati R.R.,* 303 Ky. 256, 197 S.W.2d 432, 434 (1946). Because the construction of KRS 218A.14151(2) urged by Jones would impermissibly empower a trial court to invade the province of the executive branch in contravention of the separation of powers doctrine by authorizing its review and reversal of a prosecutor's denial of deferred prosecution, thereby rendering the statute unconstitutional, the trial court correctly adopted the Commonwealth's construction.

Third and finally, by analogizing the deferred prosecution program described in KRS 218A.14151 to the pretrial diversion program established under KRS 533, the trial court reasoned that our Supreme Court's holding in *Flynt,* stating a prosecutor's consent was constitutionally required for entry of a pretrial diversion was equally applicable to the case *sub judice.*

The trial court's comparison of deferred prosecution under KRS · 218A.14151 and pretrial diversion under KRS 533 is well-founded. Pretrial diversion similarly requires written application, the prosecutor's recommendation, and compliance with its terms, with dismissal of the charge upon successful completion. KRS 533.250–258. With both a pretrial diversion and a deferred prosecution, the prosecutor agrees to "*file away* " a criminal charge "*before trial,*" as referenced in *Hoskins.* A pre-

trial diversion and a deferred prosecution both represent an interruption of prosecution *prior* to final disposition. Neither are akin to probation or conditional discharge, each of which arise *after* sentencing. And, upon successful completion of their terms, both a pretrial diversion and a deferred prosecution allow a defendant to avoid conviction entirely. In this respect, a deferred prosecution, if granted and successfully completed, is no penalty but provides a means by which the defendant may forestall the permanent criminal record, incarceration, and social and employment sequelae resulting from a criminal conviction. Thus, a pretrial diversion and a deferred prosecution are both similarly distinguishable from a sentence of imprisonment, probation, or conditional discharge. Therefore, the trial court's comparison of the statutory deferred prosecution under KRS 218A.14151 to the statutory pretrial diversion of KRS 533 was apropos, and the analysis of *Flynt* pertaining to pretrial diversion is equally applicable to our consideration of deferred prosecution in the present appeal.