RENDERED: OCTOBER 16, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0309-MR

KEVIN HENDERSON APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 18-CI-00983

DANIEL CAMERON, Attorney General
of Kentucky, and THOMAS WINE,
Jefferson County Commonwealth's
Attorney APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND MCNEILL, JUDGES.

CALDWELL, JUDGE: Kevin Henderson appeals the Franklin Circuit Court's

order dismissing his complaint against the Attorney General.[1] For the following

reasons, we affirm the Franklin Circuit Court.

---

[1] Per Kentucky Rule of Civil Procedure (CR) 76.24(c)(1), when an appeal is filed against an elected official and that official ceases to remain in office while the matter is still pending, his or her successor is automatically substituted:

## STANDARD OF REVIEW

The standard of review in a matter wherein the trial court has determined a question of the propriety of the entry of dismissal is *de novo*.

> In ruling on a motion to dismiss, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007). Therefore, "the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). Accordingly, the trial court's decision will be reviewed *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

*Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009).

## ANALYSIS

The doctrine of separation of powers is foundational and fundamental to our system of government. Each branch—executive, judicial, and legislative—has its own duties and responsibilities and cannot exert its authority over matters in the domain of another branch.

> Section 27 of the Kentucky Constitution mandates separation among the three branches of government and

---

(1) When a public officer is a party to an appeal or other proceeding in the appellate court in his official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the failure to enter such an order shall not affect the substitution.

An order substituting Daniel Cameron for Andy Beshear in this matter was issued on September 15, 2020.

> Section 28 specifically prohibits incursion of one branch of government into the powers and functions of the others. The essential purpose of separation of powers is to allow for independent functioning of each coequal branch of government within its assigned sphere of responsibility, free from risk of control, interference, or intimidation by other branches.

*Coleman v. Campbell County Library Board of Trustees*, 547 S.W.3d 526, 533-34 (Ky. App. 2018) (internal quotation marks and citations omitted).

Though his brief is mostly unintelligible, it appears from the interpretation of the pleadings by the trial court that it determined Mr. Henderson desired to use the courts to force a prosecution of his co-defendant in a twenty-year-old murder case for the crime of perjury. As the Franklin Circuit Court declared in the order dismissing the action:

> As officers of the executive branch, the Commonwealth's Attorney and the Attorney General have exclusive authority and absolute discretion in deciding whether to prosecute a case and broad discretion as to what crime to charge and penalty to seek. *Jones v. Commonwealth*, 413 S.W.3d 306, 314 (Ky. App. 2012) [(Nickell, J., concurring)].

The Kentucky Supreme Court observed in the seminal case of *Hoskins v. Maricle* that a judge has no authority to direct a prosecutor in whether or how to bring criminal charges.

> "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss

-3-

a proceeding once brought." *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir.1967). Thus, "[a] judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them." *United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). "Courts do not know which charges are best initiated at which time, which allocation of prosecutorial resources is most efficient, or the relative strengths of various cases and charges." *United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983) (citations and internal quotes omitted). Thus, we start with the presumption that the party charged with the prosecution of a case is in the best position to evaluate the probability of its success.

150 S.W.3d 1, 20 (Ky. 2004), *as modified on denial of reh'g* (Dec. 16, 2004).

Mr. Henderson also complains that the action of the Franklin Circuit Court in granting the motion to dismiss in favor of the appellees abridged his right of access to the courts. The fact that this is far from the first action filed by Mr. Henderson during his term of incarceration belies his allegation. One may have the right to file actions, and such is suitable access to the courts. One simply may not be successful in such actions, but no litigant is guaranteed success and it would be wrong to posit that only those who litigate successfully are those with access to the courts; in each litigation there are two parties and only one can be victorious, though both had a right of access.[2]

_____

[2] We caution Mr. Henderson to be mindful of Kentucky Revised Statute (KRS) 197.045(5). Having previously filed a writ in Jefferson County requesting the action he requests here, to wit, that a prosecutor be made to institute a prosecution against his co-defendant, this is a successive action. He should also be mindful of KRS 454.405.

For the foregoing reasons, we affirm the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kevin Henderson, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEES:

Daniel Cameron
Attorney General of Kentucky

Carmine G. Iaccarino
Heather L. Becker
Assistant Attorneys General
Frankfort, Kentucky

Laura C. Tipton
Deputy General Counsel
Office of the Governor
Frankfort, Kentucky