RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1500-MR

ZANE GREER                                                   APPELLANT

                    APPEAL FROM GRAYSON CIRCUIT COURT
v.                HONORABLE JOHN T. ALEXANDER, SPECIAL JUDGE
                      ACTION NO. 21-CI-00061

COMMONWEALTH OF KENTUCKY;
RICK HARDIN, IN HIS OFFICIAL CAPACITY; AND
CITY OF GLASGOW POLICE DEPARTMENT                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: Zane Greer (Greer) appeals from an order of the Grayson Circuit Court granting Rick Hardin's (Hardin) motion to dismiss. Having reviewed the record and the relevant law in this case, we find no error and therefore, we affirm.

Greer was formerly employed as a police officer by the City of Glasgow Police Department. Following a shooting which injured another officer, the Glasgow Police Chief ordered an internal investigation. The resulting report contained the finding that "[i]t appeared that Officer Greer was untruthful/deceitful during his interview with Internal Affairs Investigator according to interviews that I had obtained during the internal investigation." Greer subsequently left his employment with the Glasgow Police Department and joined the Grayson County Sheriff's Department as a deputy.

However, upon learning of the existence of the statement contained in the internal investigation report, Hardin placed Greer on a so-called "Brady list" of officers with substantiated allegations of untruthfulness. He communicated that information to the Grayson County Sheriff by letter dated February 21, 2021, in which he stated that a copy of the "Glasgow Police Department's Internal Investigation report" would be included as supplemental discovery on "every case that Deputy Zane Greer is associated with . . . ."

Greer filed his original petition for declaration of rights on March 1, 2021, naming the Commonwealth of Kentucky,[1] "Rick Hardin, in his official capacity as Commonwealth Attorney for Grayson County" and the City of

---

[1] The Commonwealth of Kentucky was dismissed from the circuit court action by agreed order entered March 19, 2021, on the grounds that it was redundant to name the Commonwealth where Hardin was named in his official capacity as Commonwealth Attorney.

Glasgow Police Department. On April 7, 2021, Greer was given the option to resign or be terminated by the Grayson County Sheriff's Office because Hardin would no longer call him as a witness.

On April 20, 2021, Hardin moved the court to dismiss the declaration of rights action on the grounds that Greer lacked standing, a declaration of rights action is not the proper mechanism to seek relief, and the relief he seeks violates the doctrine of separation of powers. On May 10, 2021, Greer moved the court for leave to amend his petition to reflect his job loss. He also tendered his response, arguing that the loss of employment granted him standing to pursue his claims. Hardin filed his reply on May 28, 2021.

On August 13, 2021, the court entered its Order Granting Motion to Dismiss. The court found that "Greer essentially asks the Court to manage and direct the actions of an elected Commonwealth's Attorney, who is an agent of the executive branch." As such, the court concluded that "the doctrine of separation of powers precludes the relief requested." This determination being dispositive, "the Court states no position on the arguments regarding standing or the suitability of this matter for declaratory judgment." This appeal followed.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to CR[2] 12.02,

---

[2] Kentucky Rules of Civil Procedure.

pleadings are to be construed in the light most favorable to the plaintiff. *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007). Simply put, "the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). On appeal, the trial court's decision is reviewed *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

## ANALYSIS

In *Commonwealth, Cabinet for Health and Family Services, Department for Medicaid Services v. Sexton By and Through Appalachian Regional Healthcare, Inc.*, 566 S.W.3d 185, 192 (Ky. 2018), the Court held that, "all Kentucky courts have the constitutional duty to ascertain the issue of constitutional standing, acting on their own motion, to ensure that only *justiciable causes* proceed in court, because the issue of constitutional standing is not waivable." The Court recognized that this is a jurisdictional issue since the circuit court may determine only "justiciable causes,"[3] holding that "if a circuit court cannot maintain proper original jurisdiction over a case to decide its merits because the case is *nonjusticiable* due to the plaintiff's failure to satisfy the constitutional standing requirement, the Court of Appeals and this Court are constitutionally precluded from exercising appellate jurisdiction over that case to decide its merits." *Id*. at 196-97.

---

[3] KY CONST. § 112 (5).

"[F]or a party to sue in Kentucky, the initiating party must have the requisite constitutional standing to do so defined by three requirements: (1) injury, (2) causation, and (3) redressability." *Id.* at 196. Specifically, the Court held that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 822 L. Ed. 2d 556 (1984), *overruled on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 1386, 188 L. Ed. 2d 392 (2014)).

In his Amended Petition for Declaration of Rights, Greer asked:

1. That the determination that the Petitioner was "untruthful/deceitful" in the Glasgow Police Department's Internal Investigation is declared invalid as not warranted under the facts.

2. That the Petitioner has been denied due process of law under the Fifth and Fourteenth Amendments of the U.S. Constitution in that he has been denied the opportunity to contest being placed on the "Brady list."

3. That the Petitioner be entitled to a due process hearing before this court to determine his status as a "Brady cop."

4. That the Petitioner's denial of due process of law under the Fifth and Fourteenth Amendments of the U.S. Constitution in placing him on the "Brady List" without the opportunity to contest such placement has resulted in a deprivation of property without due process of law, the loss of his job and his income.

The "injury" alleged by Greer to confer standing herein is the "loss of his job and his income." The identity of Greer's employer is key to the issue of his due process claim. As stated in *Buckner v. City of Highland Park*, 901 F.2d 491, 494 (6th Cir. 1990), "[t]he due process clause requires that, prior to termination, a public employee, with a property interest in his or her public employment, be given oral or written notice of the charges against him or her, an explanation of the **employer**'s evidence and an opportunity to present his or her side of the story to the employer. *Loudermill v. Cleveland Bd. of Educ.*, 844 F.2d 304, 310 (6th Cir. 1988), *on remand from*, *Loudermill*, 470 U.S. 532, 105 S. Ct. 1487." (Emphasis added.) However, this Court has been presented with no authority requiring a **non-employer** to afford due process protections to an individual in connection with lost employment. Thus, as Hardin was not Greer's employer, he did not perpetrate any injury upon him by failing to provide notice and opportunity to be heard prior to being placed on the "Brady list."

Further, even if the Court accepted the "injury" element of the standing analysis as a given, the issue of "causation" fails. The wrongful conduct alleged by Greer is the finding that he was untruthful or deceitful in the Glasgow Police Department's internal investigation. However, Hardin took no part in the investigation or the preparation of the report. Thus, he is unconnected to the wrongdoing and too many steps are required to reason from the internal

investigation and report from the Glasgow Police Department, through the *Brady* determination and notification by Hardin, to Greer's termination by the Grayson County Sheriff's Office. *Kentucky Unemployment Insurance Commission v. Nichols*, 635 S.W.3d 46 (Ky. 2021).

However, it is the issue of "redressability" which most soundly defeats Greer's claim against Hardin. If the relief that Greer seeks were granted and there were a determination that the findings of the Glasgow Police Department's investigation as to his truthfulness were erroneous, the original report would continue to exist. It is the *existence* of the report that triggers Hardin's obligation to disclose his credibility issues to defense counsel under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

Even if the court granted the hearing sought by Greer to determine his status as a "Brady cop" it would not result in an end to uncertainty as contemplated in the declaratory judgment statute. Instead, the court would be forced into the unenviable position of trying to determine whether the existence of the Glasgow Police Department's internal investigative report stating that he had been "untruthful/deceitful" does or does not constitute impeachment evidence in each and every case, including those that have not even been charged yet. As "specific instances of conduct" may well be an appropriate area of inquiry for impeachment

purposes on cross-examination pursuant to KRE[4] 608(b), they may also be appropriate for production as *Brady* material. *U.S. v. Bagley*, 473 U.S. 667, 767, 105 S. Ct. 3375, 3381, 87 L. Ed. 2d 481 (1985).

Greer has cited the Court to the case of *Sandefur v. Dart*, 979 F.3d 1145 (7th Cir. 2020). Sandefur was terminated from a county sheriff's police academy training program based upon inconsistent statements regarding his medical status and eligibility for a handicapped placard. He filed suit for violation of the Americans with Disabilities Act of 1990, 42 U.S.C.[5] § 12122, and for due process violations arising out of his placement on the sheriff's office's "Brady list."

The Court devoted a mere four paragraphs to Sandefur's due process claims. Although the Court conceded that he may have been deprived of a liberty or property interest by such placement, the Court concluded that because he had been given seven days in which to dispute his disqualification for promotion, he simply failed to do so. In this case, the Glasgow Police Department has stated in its Answer that Greer accepted the internal investigation report as well as the discipline imposed by the Chief and, therefore, has waived any right to appeal the finding.

---

[4] Kentucky Rules of Evidence.
[5] United States Code.

This Court finds the case of *Roe v. Lynch*, 997 F.3d 80 (1st Cir. 2021), to be more germane to these facts. Roe, like Greer, was a police officer terminated by the town based upon a letter sent to the police chief by Lynch, the prosecuting attorney. She advised that, based upon allegations of misconduct by Roe and due to her obligations under *Brady*, she had determined Roe to be lacking in credibility and therefore would no longer prosecute cases in which he was involved. Roe filed suit in state court alleging due process violations and seeking mandamus and declaratory relief. The action was removed to federal court where it was then dismissed on limitations grounds, without addressing Roe's due process claims.

On appeal, the Court concluded that Roe had failed to state a due process claim against Lynch and, therefore, dismissal was proper. The Court found that Roe had failed to assert that he had been deprived of any liberty or property interest, noting that "Roe does not have a protected liberty or property interest in the prosecutor's charging decisions, decisions regarding what materials are disclosed to criminal defendants during discovery, or decisions as to who to call to testify at trial." 997 F.3d at 85. Although the Court conceded that "a public employee may under certain circumstances have a protected property interest in continued employment[,]" it held that "Lynch was not his employer and she did not make the decision to terminate his employment – the Town Manager did." *Id*.

Finally, there can be no redress for Greer in any forum without a violation of the separation of powers doctrine. As noted in *Legislative Research Commission By and Through Prather v. Brown*, 664 S.W.2d 907, 912 (Ky. 1984) (citing *Arnett v. Meredith*, 275 Ky. 223, 121 S.W.2d 36, 38 (1938)), "the separation of powers doctrine is fundamental to Kentucky's tripartite system of government and must be 'strictly construed.'" Kentucky Constitution § 28 prohibits any one of the three branches of government from exercising "any power belonging to either of the others[.]"

The enforcement of the criminal laws of this Commonwealth lies within the "exclusive" mandate of the executive branch. *Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM) LTD.*, 617 S.W.3d 792, 801 (Ky. 2020). This function *includes* "the decision whether or not to prosecute, and what charge to file or bring before a grand jury[.]" *Flynt v. Commonwealth*, 105 S.W.3d 415, 424 (Ky. 2003). The quantity and quality of evidence are significant factors in a prosecutor's decision to charge an offense. A prosecutor's charging decision should involve a consideration of whether his witness's credibility may be questioned at trial. It must, therefore, include a consideration of the existence of *Brady* material. The judiciary is without authority to direct the Commonwealth which offenses to charge. *Hoskins v. Maricle*, 150 S.W.3d 1, 20 (Ky. 2004). Clearly, as recognized by the lower court, the judiciary is without the constitutional

authority to direct Hardin or any other Commonwealth Attorney to prosecute or not prosecute his case in any certain manner.

## CONCLUSION

Because Greer alleged no injury properly attributed to Hardin which was "fairly traceable" to his action in placing Greer on his office's "Brady list" that can be redressed by the relief sought in Greer's declaratory judgment action, this Court finds that he lacked constitutional standing to bring the action against Hardin.

Accordingly, the Grayson Circuit Court's Order Granting Motion to Dismiss is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE RICK HARDIN: |
|---|---|
| Thomas E. Clay | |
| Louisville, Kentucky | Brett R. Nolan |
| | Alexander Magera |
| | Frankfort, Kentucky |